SNELL v UACC MIDWEST, INC

Docket No. 138335. Submitted March 10, 1992, at Grand Rapids. Decided March 30, 1992; approved for publication June 10, 1992, at 9:00 A.M.

Robert Snell brought an action in the Kent Circuit Court against UACC Midwest, Inc., alleging wrongful termination from employment. The court, Donald A. Johnston, J., entered judgment consistent with a jury verdict for the plaintiff and denied the defendant's motions for judgment notwithstanding the verdict, a new trial, and remittitur. The defendant appealed.

The Court of Appeals *held:*

1. The court properly denied the defendant's motion for a directed verdict with regard to the issue whether the plaintiff was employed pursuant to an express or implied contract of employment providing for termination only for just cause. A genuine issue of material fact existed regarding the existence of an employment contract provided for termination only for just cause.

2. Denial of the defendant's motion for judgment notwithstanding the verdict was proper. The plaintiff presented sufficient evidence to justify submitting to the jury the issue of the existence of an employment contract providing for termination only for just cause.

3. The court properly denied the defendant's motion for judgment notwithstanding the verdict, which had alleged erroneous factual findings by the jury.

4. The plaintiff presented sufficient evidence to create an issue for the jury with regard to whether he failed to mitigate his damages. Denial of the motion for judgment notwithstanding the verdict in this regard was proper.

5. There were questions of fact with regard to the issues concerning just cause for termination and mitigation of damages. The trial court therefore did not abuse its discretion in denying the defendant's motion for a new trial with regard to these issues.

6. The jury's award is supported by the evidence. The trial court did not abuse its discretion in denying the defendant's request for remittitur.

7. The court did not abuse its discretion in granting the

plaintiff's motion to sever the defendant's counterclaims for trial.

Affirmed.

*Buchanan & Bos* (by *Bradley K. Glazier*), for the plaintiff.

*Keywell & Rosenfeld* (by *Gary W. Klotz, Denise S. Gold, Elaine A. Parson,* and *Eric B. Gaabo*), for the defendant.

Before: FITZGERALD, P.J., and HOOD and CAVANAGH, JJ.

PER CURIAM. Defendant appeals as of right from a circuit court order granting judgment consistent with a jury verdict in favor of plaintiff and from the court's denial of defendant's motions for judgment notwithstanding the verdict, a new trial, and remittitur. We affirm.

I

Defendant first argues that the trial court erred in failing to grant its motion for a directed verdict with regard to the issue whether plaintiff was employed pursuant to an express or implied contract of employment that prohibited his termination except for just cause. We disagree.

Oral contracts of employment for an indefinite term are presumed to be terminable at the will of either party. This presumption can be overcome, however, by the existence of an express agreement to the contrary, or by the employee's legitimate expectations of continued employment absent "just cause" for termination arising from the employer's established policies and procedures. *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980). To infer that an em-

ployment contract provides for termination only for just cause, the employee must have an objective expectation of continued employment, not merely a subjective one. *Grow v General Products, Inc,* 184 Mich App 379, 382-384; 457 NW2d 167 (1990).

Whether an employer's policies and procedures constitute sufficient bases for the creation of an objective expectation of employment terminable only for just cause is a question for the jury. *Toussaint, supra,* pp 620-621. See also *Renny v Port Huron Hosp,* 427 Mich 415, 417; 398 NW2d 327 (1986). Further, in determining whether a reasonable finder of fact can conclude that a promise of job security is implied, this Court must look at all the facts and circumstances to evaluate the intent of the parties. *Rowe v Montgomery Ward & Co, Inc,* 437 Mich 627, 639; 473 NW2d 268 (1991). With respect to oral statements, this requires a determination of the meaning that reasonable persons might have attached to the language given the circumstances presented. *Id.,* p 640. The statements must "clearly permit a construction which supports the asserted meaning." *Id.,* p 641.

We have carefully reviewed the record and remind defendant that plaintiff has not based his claim solely on the preemployment statements made by Alan Bigelow. Rather, plaintiff points to other statements made by Bigelow as well as the apparent practice of progressive discipline engaged in by Bigelow and other supervisors. Viewing all the evidence in a light most favorable to plaintiff, and according plaintiff all reasonable inferences, we conclude that a genuine issue of material fact existed upon which reasonable minds could differ regarding the existence of an employment contract providing for termination only for just cause. *Stoken v JET Electronics & Technology, Inc,* 174

Mich App 457, 463; 436 NW2d 389 (1988). The trial court, therefore, did not err in denying defendant's motion for a directed verdict.

II

Defendant next argues that the trial court should have granted its motion for judgment notwithstanding the verdict because (1) plaintiff failed to prove he was employed pursuant to an employment contract providing for termination only for just cause, (2) defendant had just cause for terminating plaintiff, (3) defendant did not have a policy requiring three warnings before discharging for "really screwing up," (4) plaintiff received at least three warnings before termination, (5) defendant had the right to terminate plaintiff without further warning for his dishonesty, and (6) plaintiff failed to mitigate his damages.

A motion for judgment notwithstanding the verdict should be granted only where the evidence presented is insufficient to create an issue for the jury. *Wilson v General Motors Corp,* 183 Mich App 21, 36; 454 NW2d 405 (1990). As with a motion for a directed verdict, the evidence and all reasonable inferences are to be viewed most favorably to the nonmoving party. *Shipman v Fontaine Truck Equipment Co,* 184 Mich App 706, 711; 459 NW2d 30 (1990).

A

As discussed previously, plaintiff presented sufficient evidence of defendant's statements and procedures to justify submitting to the jury the issue of the existence of an employment contract providing for termination only for just cause. Denial of defendant's motion for judgment notwithstanding the verdict on this basis was therefore proper.

B

Once the jury determined that plaintiff was employed pursuant to a contract that entitled him to the protection of termination only for just cause, the question whether his discharge was in breach of that contract was also one for the jury. *Toussaint, supra,* pp 620-621. In connection with this duty, the jury is permitted to determine the employer's true reason for the discharge and whether the stated reason amounts to good cause. *Id.,* p 622-623.

The various arguments raised by defendant on appeal all focus on factual decisions required to be made by the jury in order to render a verdict. Plaintiff claimed that his employment contract provided for three warnings (possibly written) as part of the progressive discipline policy apparently in effect. Plaintiff offered evidence explaining, in part, his failure to adequately perform his duties on September 16, 1988, and presented the jury with his theory that his discharge was spurious because the job assignment was designed to give defendant the means to the desired end.

Whether the employment contract provided for the warnings plaintiff claims and whether he did in fact receive such warnings were clearly issues of fact to be resolved solely by the jury. Further, the jury was entitled to determine defendant's true motive for discharging plaintiff and whether its stated reason amounted to good cause. Moreover, the jury was able to view the demeanor of the witnesses and assess credibility. The trial court therefore properly denied defendant's motion for judgment notwithstanding the verdict on the basis of the jury's factual findings.

C

Lastly, defendant claims that the trial court

should have granted judgment in its favor because plaintiff failed to mitigate his damages. We disagree.

Although the principle of mitigation obligates the plaintiff to accept employment of like nature, whether the plaintiff is reasonable in not seeking or accepting particular employment is a question for the trier of fact. *Hughes v Park Place Motor Inn, Inc,* 180 Mich App 213, 220; 446 NW2d 885 (1989); *Brewster v Martin Marietta Aluminum Sales, Inc,* 145 Mich App 641, 663; 378 NW2d 558 (1985); *Higgins v Kenneth R Lawrence, DPM, PC,* 107 Mich App 178, 181; 309 NW2d 194 (1981). Upon review of the record, we are convinced that the trial court properly denied defendant's motion for judgment notwithstanding the verdict. Plaintiff presented sufficient evidence to create an issue for the jury's resolution.

III

Defendant also contends that the trial court erred in denying its motion for a new trial or remittitur because the evidence overwhelmingly preponderated in its favor. Again, we disagree.

A

A motion for a new trial may be granted when the jury's verdict was against the overwhelming weight of the evidence. The trial court's decision with regard to the motion will not be reversed absent an abuse of discretion. *Bosak v Hutchinson,* 422 Mich 712, 737; 375 NW2d 333 (1985); *Wilson, supra.*

The record appears to support defendant's argument that no reasonable jury could have found that defendant lacked just cause to terminate

plaintiff on the basis of his falsification of documents and dishonesty or because plaintiff failed to mitigate his damages. Nevertheless, as the trial court recognized, the standard is not whether the reviewing court would have reached a different result, but whether the evidence was such that reasonable minds could differ. Keeping in mind that the jury was in a position to judge the credibility of the witnesses, our review of the evidence leads us to conclude that a question of fact was created with regard to the issues of just cause and mitigation of damages. The trial court did not abuse its discretion in denying defendant's motion for a new trial.

On appeal, defendant also argues that a new trial should have been granted because of certain statements made by plaintiff's counsel during closing arguments. However, defendant did not object to any of these statements. Appellate review is thus precluded unless the failure to do so would result in a miscarriage of justice. Upon careful review of the statements in context, we are persuaded that any prejudice defendant now perceives to have occurred could have been corrected by a timely objection and request for a curative instruction. See *Reetz v Kinsman Marine Transit Co,* 416 Mich 97, 100-103; 330 NW2d 638 (1982).

B

As for defendant's request for remittitur, the trial court's denial will be reversed only if an abuse of discretion has been shown. *Palenkas v Beaumont Hosp,* 432 Mich 527, 531; 443 NW2d 354 (1989); *Wilson, supra,* p 38. The trial court is not to decide whether the award "shocks the conscience," but whether the jury's award is supported by the evidence. *Id.*; MCR 2.611(E)(1). Our review of the

record convinces us that the trial court did not abuse its discretion in denying remittitur.

## IV

Finally, we find no abuse of discretion in the trial court's decision to grant plaintiff's motion to sever defendant's counterclaims for trial. *Jemaa v MacGregor Athletic Products,* 151 Mich App 273, 278-279; 390 NW2d 180 (1986).

Affirmed.