MARRERO v McDONNELL DOUGLAS CAPITAL CORPORATION

Docket No. 137972. Submitted January 21, 1993, at Lansing. Decided March 8, 1993; approved for publication June 25, 1993, at 9:10 A.M.

Manuel E. Marrero brought an action in the Oakland Circuit Court against McDonnell Douglas Capital Corporation, alleging breach of contract, promissory and equitable estoppel, and misrepresentation in connection with McDonnell Douglas' acquisition of First National Capital, Marrero's employer, and elimination of his employment position. The court, Robert C. Anderson, J., summarily dismissed all claims. The plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not err in ruling that the plaintiff's claims were barred by the statute of frauds, MCL 566.132(a); MSA 26.922(a), because the alleged three-year employment agreement upon which the plaintiff relied was not reduced to a writing as required by the statute of all agreements that, by their own terms, are not to be performed within one year of their making.

2. The trial court did not err in dismissing the claim of promissory estoppel in the absence of a definite and clear promise that could serve as a basis for the claim and in light of the fact that the alleged actions taken in reliance on the promise actually preceded the promise.

3. The trial court correctly dismissed the claim of equitable estoppel, which is not a cause of action in itself and provides no remedy such as damages.

4. The trial court correctly dismissed the misrepresentation claim. Such a claim must be based on a statement of past or existing fact. The statements allegedly made to the plaintiff

REFERENCES

Am Jur 2d, Estoppel and Waiver §§ 28, 48, 49; Fraud and Deceit §§ 57-72; Statute of Frauds §§ 39, 536.

Action by employee in reliance on employment contract which violates statute of frauds as rendering contract enforceable. 54 ALR3d 715.

Comment Note.—Promissory estoppel. 48 ALR2d 1069.

related to future promises, which cannot serve as a basis for an action for fraud.

Affirmed.

1. CONTRACTS — EMPLOYMENT CONTRACTS — STATUTE OF FRAUDS.

An employment contract that, by its terms, is not to be performed within one year of its making is void unless it is in writing and signed by the party against whom enforcement is sought (MCL 566.132[a]; MSA 26.922[a]).

2. ESTOPPEL — PROMISSORY ESTOPPEL.

The elements of promissory estoppel are: a promise; that the promisor reasonably should have expected to induce action of a definite and substantial character on the part of the promisee; which in fact produced reliance or forbearance of that nature; and in circumstances such that the promise must be enforced if injustice is to be avoided.

3. ESTOPPEL — EQUITABLE ESTOPPEL.

Equitable estoppel usually is invoked as a defense; it does not provide a cause of action for damages.

4. FRAUD — MISREPRESENTATION.

An action for fraudulent misrepresentation must be predicated upon a statement of past or existing fact.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Lisa T. Milton* and *Frances H. Porretta*), for Manual E. Marrero.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Henry W. Saad* and *Terry W. Milne*), for McDonnell Douglas Capital Corporation.

Before: BRENNAN, P.J., and CAVANAGH and CORRIGAN, JJ.

PER CURIAM. In this breach of contract action, plaintiff appeals the trial court's grant of summary disposition to defendant McDonnell Douglas Capital Corporation (MDCC) pursuant to MCR 2.116(C)(7) (statute of frauds) and 2.116(C)(10). We affirm.

Plaintiff was employed as a salesman at Burroughs Corporation in Mexico in 1986 when he

learned of an opening at First National Capital (FNC). In 1987, he met with an agent of FNC, Thomas Husband, and discussed the possibilities of employment and FNC's opening of a branch office in Puerto Rico. Plaintiff resigned from Burroughs, moved to Michigan, and began working for FNC in April 1987. Plaintiff's family, which had been living in Mexico, relocated to Puerto Rico, where plaintiff's mother-in-law lived. (This move was made at Burroughs' expense by prearrangement with plaintiff.)

In September 1987, believing that the compensation was not what he had been promised, plaintiff met with Husband, who outlined a three-year compensation plan and suggested that plaintiff move his family to Michigan. No written record of this meeting or the compensation arrangements was ever made. Plaintiff's family joined him in Michigan in December 1987.

MDCC took over FNC, restructured the corporation, and eliminated plaintiff's position in February 1989. Plaintiff was not offered a position with MDCC. He sued MDCC and its president in June 1990, alleging breach of contract, promissory and equitable estoppel, intentional infliction of emotional distress, and misrepresentation. The trial court granted MDCC's motion for summary disposition of all counts and sua sponte dismissed the claims against MDCC's president as well. On appeal, plaintiff does not challenge the decision to dismiss MDCC's president or the dismissal of the claim of intentional infliction of emotional distress.

The standard of review under MCR 2.116(C)(7) requires us to accept all plaintiff's well-pleaded allegations as true and to construe them most favorably to the plaintiff. *Beauregard-Bezou v Pierce,* 194 Mich App 388, 390-391; 487 NW2d 792 (1992); *Bonner v Chicago Title Ins Co,* 194 Mich

App 462, 469; 487 NW2d 807 (1992). In reviewing a motion under MCR 2.116(C)(7), a court must consider *all* affidavits, pleadings, depositions, admissions, and documentary evidence filed or submitted by the parties. The motion should not be granted unless no factual development could provide a basis for recovery. *Harrison v Director, Dep't of Corrections,* 194 Mich App 446, 449; 487 NW2d 799 (1992); MCR 2.116(C)(7); MCR 2.116(G)(5).

A motion for summary disposition under MCR 2.116 (C)(10) tests the factual support for a claim. A court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it and grant summary disposition if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *AFL-CIO v Civil Service Comm,* 191 Mich App 535, 546-547; 478 NW2d 722 (1991); *Panich v Ironwood Products Corp,* 179 Mich App 136, 139; 445 NW2d 795 (1989).

Defendant argued below that plaintiff's claims are barred by the statute of frauds, MCL 566.132(a); MSA 26.922(a), which requires that "[a]n agreement that, by its terms, is not to be performed within 1 year from the making thereof" be in writing and signed by the party to be charged if it is to be enforced. We agree.

A contract, including an employment contract, that is not capable of being performed within one year is within the statute. *Schipani v Ford Motor Co,* 102 Mich App 606, 612; 302 NW2d 307 (1981). Plaintiff's own deposition testimony reflects that the alleged September 1987 contract was for a three-year term. "By its terms," then, the contract could not have been "performed within one year" and so falls within the statute of frauds. Plaintiff attempts to avoid the effect of the statute of frauds in two ways. First, he alleges that, because he

could have been fired within one year, the contract could have been performed within one year and so MCL 566.132(a); MSA 26.922(a) does not apply. The critical term here is "performed." The alleged three-year contract could not have been *performed* within one year by either party. The possibilities of breach of contract, or termination by agreement, or dissolution in some other way in less than one year do not make the contract one that "*by its terms*" could have been performed within one year from being made.

Plaintiff's claim of promissory estoppel also fails.

> The elements of equitable or promissory estoppel are (1) a promise; (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee; (3) which in fact produced reliance or forbearance of that nature; and (4) in circumstances such that the promise must be enforced if injustice is to be avoided. [*Schipani, supra* at 612-613.]

The doctrine of promissory estoppel is cautiously applied. *State Bank of Standish v Curry,* 190 Mich App 616, 621; 476 NW2d 635 (1991). Reversed in part on other grounds 442 Mich 76; 500 NW2d 104 (1993). The sine qua non of promissory estoppel is a promise that is definite and clear. *Id.* at 620; see also *Kamalnath v Mercy Memorial Hosp Corp,* 194 Mich App 543, 552; 487 NW2d 499 (1992); *Martin v East Lansing School Dist,* 193 Mich App 166, 178; 483 NW2d 656 (1992).

Plaintiff has inverted the sequence of events necessary to establish promissory estoppel. His resignation from Burroughs and the decision to move his family to Puerto Rico *preceded,* by at least six months, the meeting at which the alleged promise of a three-year contract was made. Plain-

tiff cannot have relied on the purported promise of employment through 1990 when he took these actions. In addition, resignation from one position to assume another and relocation of family would be customary and necessary incidents of changing jobs rather than consideration to support a promissory estoppel claim. *Cunningham v 4-D Tool Co,* 182 Mich App 99, 105; 451 NW2d 514 (1989).

The only "promise" made to plaintiff before he resigned from Burroughs as to length of employment was that he "would be taken care of." This is hardly a "definite and clear" promise. Plaintiff also claims he was promised a location in Puerto Rico, but he admits that this was his own interpretation of the conversation, not a statement by Husband. As for the other alleged "promises" (that he would earn $90,000 a year and have the title of vice president), because plaintiff did not meet one hundred percent of his sales quota, he did not fully perform his duties. Moreover, we cannot identify any damages plaintiff is alleged to have suffered from the lack of a title.

Plaintiff also argues that promissory estoppel applies to continuing his employment with defendant after the December 1987 meeting. A prior relationship between the parties alone, however, cannot support a claim of promissory estoppel; see *State Bank of Standish, supra* at 621. Plaintiff claims that he forsook other employment to remain with FNC in 1987, but he has not produced any evidence that would raise a question of fact regarding this issue. The doctrine of estoppel should be applied only where the facts are unquestionable and the wrong to be prevented undoubted. *Kamalnath, supra* at 552. Plaintiff's claims based on promissory estoppel were properly dismissed.

Plaintiff's claim of "equitable estoppel" also fails. Equitable estoppel is usually invoked as a

defense; it is not a cause of action in itself and provides no remedy such as damages. *Hoye v Westfield Ins Co,* 194 Mich App 696, 707; 487 NW2d 838 (1992). The trial court did not err in dismissing this count.

Plaintiff also claimed misrepresentation. An action for fraudulent misrepresentation must be predicated upon a statement of past or existing fact. *Kamalnath, supra* at 554, citing *Hi-Way Motor Co v Int'l Harvester Co,* 398 Mich 330, 336; 247 NW2d 813 (1976). A mere broken promise does not constitute fraud, nor is it evidence of fraud. *Higgins v Kenneth R Lawrence, DPM, PC,* 107 Mich App 178, 184-185; 309 NW2d 194 (1981). None of the statements allegedly made by Husband related to "past or existing" facts. They were all future promises and thus were contractual and cannot be the basis of an action for fraud. *State Bank of Standish, supra* at 623.

Plaintiff hopes to avoid the "present fact" rule by alleging that Husband induced him to join FNC by making statements about the company's intentions that Husband knew at the time were false; see *Rutan v Straehly,* 289 Mich 341, 348-349; 286 NW 639 (1939). Plaintiff, however, produced no evidence whatever to support this claim. Plaintiff's fraud and misrepresentation claims, then, were properly dismissed.

Affirmed.