CLEMENS v LESNEK

Docket Nos. 132370, 134859. Submitted January 13, 1993, at Lansing.
     Decided April 23, 1993; approved for publication June 30, 1993,
     at 9:00 A.M. Leave to appeal sought.

Bernard and Elizabeth Clemens brought an action in the Oakland
     Circuit Court against John and Helene Lesnek, alleging that
     the defendants fraudulently concealed known defects, including
     a leaky roof and a faulty septic system, of a house they sold to
     the plaintiffs pursuant to an agreement that included an "as
     is" clause. The court, Francis X. O'Brien, J., granted a partial
     directed verdict in favor of Helene Lesnek. The jury, unin-
     formed of the partial directed verdict, returned a verdict
     against the defendants and awarded the plaintiffs $96,500 in
     damages. The court denied John Lesnek's motion for judgment
     notwithstanding the verdict, a new trial, or remittitur. The
     plaintiffs appealed the grant of a directed verdict in favor of
     Helene Lesnek. John Lesnek appealed the denial of his mo-
     tions. The appeals were consolidated.

     The Court of Appeals *held:*

     1. An "as is" clause in an agreement for the sale of realty
     does not preclude a purchaser from suing a vendor for fraudu-
     lent concealment of a latent defect, and proof that the latent
     defect posed an unreasonable danger is not required. In this
     case, the trial court erred in requiring such proof.

     2. The trial court did not abuse its discretion in denying John
     Lesnek's motion for judgment notwithstanding the verdict with
     respect to the substantive claim of fraudulent concealment.
     Sufficient evidence was presented to create an issue for the jury
     regarding whether he knew of the defects and concealed them
     from the plaintiffs.

     3. The trial court did not abuse its discretion in denying John

REFERENCES

Am Jur 2d, Appeal and Error § 836; Damages § 1021; Judgments
     §§ 106-118; Vendor and Purchaser § 329.

Construction and effect of provision in contract for sale of realty by
     which purchaser agrees to take property "as is" or in its existing
     condition. 8 ALR5th 312.

Liability of builder-vendor or other vendor of new dwelling for loss,
     injury, or damage occasioned by defective condition thereof. 25
     ALR3d 383.

Lesnek's motion for judgment notwithstanding the verdict with respect to damages consisting of the difference in the value of the property as represented and its actual value at the time of sale. Sufficient evidence was presented to create an issue for the jury regarding that difference.

4. The trial court abused its discretion in denying John Lesnek's motion for judgment notwithstanding the verdict with respect to damages for mental anguish. There was not sufficient evidence concerning mental anguish to create an issue for the jury regarding such damages.

5. The trial court abused its discretion in denying John Lesnek's motion for remittitur. The jury's award of $96,500 was excessive and unsupported by the record.

6. The trial court abused its discretion in granting a directed verdict in favor of Helene Lesnek. Sufficient evidence was presented to create an issue for the jury regarding whether she knew of the concealed conditions at the time of the sale.

Affirmed in part, reversed in part, and remanded.

1. VENDOR AND PURCHASER — REALTY — LATENT DEFECTS — FRAUDU-LENT CONCEALMENT — "AS IS" CLAUSES.

An "as is" clause in an agreement for the sale of realty does not preclude a purchaser from alleging fraudulent concealment of a latent defect, and proof that the defect posed an unreasonable danger is not required in order for a plaintiff purchaser to prevail on a claim of fraudulent concealment.

2. MOTIONS AND ORDERS — DIRECTED VERDICTS — JUDGMENTS NOT-WITHSTANDING THE VERDICT.

A court deciding a motion for a directed verdict or judgment notwithstanding the verdict must review the testimony in the light most favorable to the nonmoving party and grant the motion only where insufficient evidence is presented to create an issue for the jury; a ruling on such motion will not be disturbed on appeal absent an abuse of discretion.

3. MOTIONS AND ORDERS — REMITTITUR.

The test in a motion for remittitur is whether the jury's award is supported by the evidence (MCR 2.611[E][1]).

*James R. Porritt, Jr.,* for the plaintiffs.

*Hardy, Lewis, Pollard & Page, P.C.* (by *Terence V. Page*), for the defendants.

Before: CONNOR, P.J., and HOLBROOK, JR., and McDONALD, JJ.

PER CURIAM. This case arises from the plaintiffs' purchase of the defendants' house in June of 1987. The purchase agreement stated that the buyers were purchasing the house in an "as is" condition. The plaintiffs took possession of the house in December of 1987. In March of 1989, the plaintiffs filed a complaint against the defendants for fraudulent concealment of latent defects in the property. The complaint alleged that the defendants had a duty to disclose numerous defects of the property, including a leaky roof and a faulty septic system. During a jury trial in the Oakland Circuit Court, the trial court granted a partial directed verdict in favor of defendant Helene Lesnek. The court did not inform the jury about the directed verdict, and the jury returned a verdict against both defendants for $96,500 in damages. In Docket No. 132370, the plaintiffs appeal as of right the trial court's order granting defendant Helene Lesnek a directed verdict. In Docket No. 134859, defendant John Lesnek appeals as of right the trial court's order denying his motion for judgment notwithstanding the verdict, a new trial, or remittitur.

Claiming that the trial court erred in granting defendant Helene Lesnek a directed verdict, the plaintiffs contend that, as purchasers, it was not necessary for them to prove that undisclosed hidden defects were unreasonably dangerous in order to recover damages for fraud despite the fact that the purchase agreement contained an "as is" clause. The plaintiffs maintain that the failure to disclose allegedly known material defects constitutes fraudulent inducement, thereby making the purchase agreement voidable.

In *Christy v Prestige Builders, Inc,* 415 Mich 684; 329 NW2d 748 (1982), the principal issue was whether a vendor landowner owes subvendees of his vendee a common-law duty whose breach would be actionable as negligence. In discussing this issue, our Supreme Court stated:

> Under the common law, a land vendor who surrenders title, possession, and control of property shifts all responsibility for the land's condition to the purchaser. Caveat emptor prevails in land sales, and the vendor, with two exceptions, is not liable for any harm due to defects existing at the time of sale.
>
> The first exception is the vendor's duty to disclose to the purchaser any concealed condition known to him which involves an unreasonable danger. Failure to make such a disclosure or efforts to actively conceal a dangerous condition render the vendor liable for resulting injuries. The second exception is that a vendor is liable to those outside the land for a dangerous condition on the land after the sale until the purchaser discovers or should have discovered it. Once the purchaser discovers the defect and has had a reasonable opportunity to take precautions, third parties such as subvendees have no further recourse against the vendor. Under both exceptions, then, knowledge of the defect on the part of the purchaser relieves the vendor of any duty or liability. [*Christy, supra,* pp 694-695.]

Citing this language from *Christy,* this Court in *Farm Bureau Mutual Ins Co v Wood,* 165 Mich App 9, 16; 418 NW2d 408 (1987), held that the plaintiffs in that case were required to prove the following in order to prevail on their claims: (1) at the time of the sale, there was on the property a concealed condition that involved an unreasonable danger; (2) the condition was known to the sellers; and (3) the buyers had no knowledge of the defect.

Accordingly, the trial court in the present case required the plaintiff to prove these elements, including unreasonable danger.

We agree with the plaintiffs that they were not required to prove that undisclosed hidden defects were unreasonably dangerous in order for them to recover damages for fraud despite the fact that the purchase agreement contained an "as is" clause. In *Christy,* the cause of action was premised upon negligence because there was no contractual relationship between the defendant and the plaintiffs. Consequently, there was no reason for the Court in *Christy* to decide whether the provision of an "as is" clause in the purchase agreement would have relieved the seller of liability. See *Niecko v Emro Marketing Co,* 769 F Supp 973, 978 (ED Mich, 1991). This Court in *Wood, supra,* stated that the plaintiffs' causes of action were based on the principle announced in *Christy.* However, the principal issue in *Wood* was not whether the defendants, as property owners, owed a duty to disclose the defective artesian well and the flood damage, but concerned whether the defendants fraudulently concealed the latent defects. Although an "as is" clause in the purchase agreement indicates that the parties in the present case considered that between them the risk of the present condition of the property should lie with the purchasers, the clause did not preclude the plaintiffs from alleging fraud. *Lenawee Co Bd of Health v Messerly,* 417 Mich 17, 32, n 16; 331 NW2d 203 (1982); see also *Popielarski v Jacobson,* 336 Mich 672, 686-687; 59 NW2d 45 (1953), where our Supreme Court held that if a seller makes fraudulent representations before a purchaser signs a binding agreement, then an "as is" clause may be ineffective. Thus, the plaintiffs could recover damages for fraudulent

concealment even if the defects did not involve unreasonable danger.

Before discussing the plaintiffs' next argument, that the trial court erred in granting a directed verdict for defendant Helene Lesnek, we first consider the defendants' claim that the trial court erred in denying defendant John Lesnek's motion for judgment notwithstanding the verdict.

In *Michigan Microtech, Inc v Federated Publications, Inc,* 187 Mich App 178, 186-187; 466 NW2d 717 (1991), this Court stated:

> When deciding a motion for a directed verdict or judgment notwithstanding the verdict, the trial court must review the testimony in the light most favorable to the nonmoving party. *Lester N Turner, PC v Eyde,* 182 Mich App 396, 398; 451 NW2d 644 (1990). A judgment notwithstanding the verdict is proper where insufficient evidence is presented to create an issue for the jury. It is improper where reasonable minds could differ on issues of fact. We will not disturb the trial court's decision, unless there has been a clear abuse of discretion. *Wilson v General Motors Corp,* 183 Mich App 21, 36; 454 NW2d 405 (1990).

The main contention between the parties regarding the defects was the condition of the roof and the septic system, the defendants' representations about them, and the plaintiffs' opportunity to inspect them. Reviewing the evidence in a light most favorable to the plaintiffs as the nonmoving party, we find that plaintiff Bernard Clemens walked on the roof with defendant John Lesnek for approximately fifteen minutes in May 1986. When Clemens asked about the condition of the roof, Lesnek replied that it had a couple of minor leaks in the past but that it was in good condition. In 1987, a professional roofer inspected the roof on behalf of

the defendants, and without inspecting it from the inside of the house, he told Lesnek that the roof was in good condition. Two other contractors inspected the house, with one of them testifying that the roof was in poor shape in 1986 and the other stating that the water damage was obvious from the stained appearance of the ceiling tiles. The roof started leaking a few days after the plaintiffs moved into the house in December 1987. Discovering several leaks, the plaintiffs found a significant accumulation of water in the plastic vapor barrier above the ceiling tiles. The wood underneath the roof had rotted, the insulation was matted, and makeshift repairs had been made to the inside of the roof. We find that this evidence was sufficient for the jury to decide whether defendant John Lesnek knew about the condition of the roof but made misrepresentations about it. Defendant's reliance upon *Conahan v Fisher,* 186 Mich App 48; 463 NW2d 118 (1990), is misplaced because the condition in that case was not concealed. *Id.,* p 50.

Turning to the evidence presented concerning the septic system and viewing it in a light most favorable to the plaintiffs, we find that the plaintiffs had asked about it and that defendant John Lesnek said it was pumped annually. However, the plaintiffs detected septic odors immediately after moving into the house. In conducting a red-dye test, the plaintiffs determined that the water from their septic tank was flowing into a nearby stream. When the plaintiffs excavated the pipe running to the stream, they discovered that the pipe had been manufactured in 1974, indicating that it had been added to the system after the septic tank was originally installed. In 1987, the county health department found no failures in the system, but issued a reminder that older septic systems needed eventual replacement. We conclude that judgment

notwithstanding the verdict was improper here because reasonable minds could differ with regard to whether defendant John Lesnek concealed the condition of the septic system. Thus, the trial court did not abuse its discretion in denying the defendant's motion for judgment notwithstanding the verdict. *Michigan Microtech, Inc, supra.*

Next, the defendants argue that the plaintiffs did not introduce sufficient evidence to sustain the verdict with respect to damages. At trial, the plaintiffs sought damages that reflected the difference between the property's value as it was represented to them and the property's actual value at the time of the sale. The plaintiffs also asked for damages for mental anguish. The trial court instructed the jury to measure damages on the basis of the evidence, but did not describe a specific method of calculation. The jury did not award damages separately, but awarded a lump sum of $96,500.

We find that the plaintiffs provided sufficient evidence of damages with respect to the property's value to create an issue for the jury, and reasonable minds could differ with regard to the issue. *Id.* The trial court accordingly denied the defendants' motion for judgment notwithstanding the verdict with respect to this issue. Regarding the damages for mental anguish, Elizabeth Clemens testified that she was upset about the septic system odor. She also stated that "its been pretty humiliating knowing that there's a stench coming out of the back yard and it's yours." The plaintiffs argue that their demeanor on the witness stand convincingly conveyed to the jury the mental toll wrought by the alleged fraud. However, without direct evidence of the mental anguish suffered by the plaintiffs, we find that the plaintiffs failed to present sufficient evidence of damages related to mental

anguish to create an issue for the jury. *Id.* Thus, the trial court abused its discretion in denying the defendants' motion for judgment notwithstanding the verdict with respect to the plaintiffs' claim for damages for mental anguish.

We next review for an abuse of discretion the trial court's decision to deny the defendants' request for remittitur. *Snell v UACC Midwest, Inc,* 194 Mich App 511, 517; 487 NW2d 772 (1992). The test is not whether the award of damages shocks the court's conscience, but whether the jury's award is supported by the evidence. *Id.*; MCR 2.611(E)(1). Because we have found that the trial court should have granted the defendants' motion for judgment notwithstanding the verdict with regard to damages for mental anguish, the jury's award must be supported by evidence regarding the property's value.

As previously mentioned, the plaintiffs sought damages that reflected the difference between the property's value as it was represented to them and the property's actual value at the time of the sale. William England, an experienced real estate broker, inspected the house one month before trial. Taking into consideration the roof and the septic system, he testified for the plaintiffs that the value of the property was $90,000 at the time of the sale in 1986. However, he explained that the market value of the home at the time of the sale would have been established by the purchase price, and he mistakenly believed that the purchase price was $129,000. Although defendant Bernard Clemens testified that the market value of the house at the time of the sale was between $50,000 and $75,000, we find his testimony insufficient to support an award of $96,500 in light of the $149,500 bank appraisal of the house at the time of the closing. Moreover, the house was appraised at

$190,000 in October of 1989. Furthermore, the evidence showed that the plaintiffs paid $17,000 to repair the roof, and Bernard Clemens testified that a new septic system would cost between $10,500 and $16,000. We conclude that the jury's award of $96,500 in damages is excessive and unsupported by the record. *Palenkas v Beaumont Hosp,* 432 Mich 527, 532; 443 NW2d 354 (1989); *Jenkins v Raleigh Trucking Services, Inc,* 187 Mich App 424, 430; 468 NW2d 64 (1991).

Finally, we examine the plaintiffs' second claim, that the trial court erred in granting defendant Helene Lesnek a directed verdict. Again, we must review the testimony in a light most favorable to the plaintiffs in order to determine whether sufficient evidence was presented to create an issue for the jury. *Michigan Microtech, Inc, supra.* Reviewing the evidence in such light, we find that defendant Helene Lesnek lived in the house for nineteen years before its sale to the plaintiffs. We also find that makeshift repairs had been made to stop the leaks that were present in most of the rooms in the house. In addition, the plaintiffs detected septic odors immediately after moving into the house and later determined that the water from their septic tank was flowing into a nearby stream. Consequently, the plaintiffs presented sufficient evidence for the jury to decide whether defendant Helene Lesnek knew there was a concealed condition on the property at the time of the sale. We conclude that the trial court abused its discretion in directing a verdict in favor of defendant Helene Lesnek.

We affirm the trial court's decision denying defendant John Lesnek's motion for judgmennt notwithstanding the verdict with respect to the plaintiffs' substantive claims. We also affirm the trial court's decision denying the defendants' mo-

tion for judgment notwithstanding the verdict with respect to damages concerning the property. We reverse the trial court's decision denying the defendants' motion for judgment notwithstanding the verdict with regard to damages for mental anguish. We reverse the trial court's decision denying the motion for remittitur. We also reverse the trial court's decision granting a directed verdict to defendant Helene Lesnek.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.