RICE v ISI MANUFACTURING, INC

Docket No. 143981. Submitted February 16, 1994, at Detroit. Decided December 5, 1994, at 9:00 A.M. Leave to appeal sought.

Lawrence Rice brought a wrongful discharge action in the Macomb Circuit Court against ISI Manufacturing, Inc., alleging that his employment was terminable for just cause only and that there had not been just cause for the termination. The court, Deborah A. Servitto, J., entered a judgment for the plaintiff pursuant to a jury verdict, and denied motions by the defendant for summary disposition, a directed verdict, judgment notwithstanding the verdict, and a new trial. The defendant appealed.

The Court of Appeals held:

1. Evidence consisting of a supervisor's oral assurances that the plaintiff could return to his engineering position if a sales position did not work out and a written reprimand of the plaintiff by which he was informed that his performance would be reviewed monthly adequately supported the jury's findings that the plaintiff should have been discharged for just cause only and that the defendant did not have just cause to terminate the plaintiff's employment.

2. The trial court's instructions to the jury were accurate and applicable to the case.

3. The jury's award of damages was supported by the evidence and was not excessive.

Affirmed.

MICHAEL J. KELLY, P.J., dissenting, stated that the trial court's denial of the motions for summary disposition, a directed verdict, and judgment notwithstanding the verdict should be reversed because the supervisor's statements to the plaintiff could not have led to an expectation of employment that was terminable for just cause only inasmuch as the statements were not made in response to an inquiry concerning when or how the plaintiff's employment might be terminated or

REFERENCES

Am Jur 2d, Master and Servant § 32.

Comment Note.—Validity and duration of contract purporting to be for permanent employment. 60 ALR3d 226.

in response to articulated concerns by the plaintiff that he be terminated for just cause only and because the termination report and the written reprimand could not have led to an expectation of termination for just cause only inasmuch as the plaintiff did not know of the existence of the termination report until after discharge and the written reprimand concerned only the plaintiff and therefore could not have given rise to a general policy of termination for just cause only.

MASTER AND SERVANT — EMPLOYMENT CONTRACTS — TERMINATION.

Contracts for permanent employment are for an indefinite period and are presumptively construed to provide employment at will; the presumption may be overcome by proof of an express contract for a definite term or a provision forbidding discharge in the absence of just cause, or it may be overcome by proofs that permit a promise implied in fact of employment security.

*Mallon & McNealy, P.C.* (by *Connie Skinner McNealy*), for the plaintiff.

*Kerr, Russell & Weber* (by *James R. Case* and *Janice A. Furioso*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and BRENNAN and B. L. HOWARD,* JJ.

BRENNAN, J. Defendant appeals as of right from a jury verdict in favor of plaintiff and from orders denying its motions for summary disposition, a directed verdict, judgment notwithstanding the verdict, and a new trial. We affirm.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *State Farm Fire & Casualty Co v Fisher,* 192 Mich App 371, 374; 481 NW2d 743 (1991); *Lepp v Cheboygan Area Schools,* 190 Mich App 726, 730; 476 NW2d 506 (1991). When ruling on such a motion, the court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it and grant summary dispo-

* Circuit judge, sitting on the Court of Appeals by assignment.

sition if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Marrero v McDonnell Douglas Capital Corp,* 200 Mich App 438, 441; 505 NW2d 275 (1993); *Kreager v State Farm Mutual Automobile Ins Co,* 197 Mich App 577, 579; 496 NW2d 346 (1992). When deciding a motion for a directed verdict or judgment notwithstanding the verdict, the trial court must review the evidence in a light most favorable to the nonmoving party to determine whether reasonable minds could differ on an issue of fact. *Teodorescu v Bushnell, Gage, Reizen & Byington (On Remand),* 201 Mich App 260, 264; 506 NW2d 275 (1993); *Clemens v Lesnek,* 200 Mich App 456, 461; 505 NW2d 283 (1993). If reasonable jurors could differ, a motion for a directed verdict or judgment notwithstanding the verdict should not be granted. *Id.* at 461. We will not disturb the trial court's decision unless there has been a clear abuse of discretion. *Howard v Canteen Corp,* 192 Mich App 427, 431; 481 NW2d 718 (1992).

Defendant claims in this case that the trial court erred in denying its motions for summary disposition and a directed verdict because plaintiff was employed pursuant to an at-will employment contract. Contracts for permanent employment are for an indefinite period and are presumptively construed to provide employment at will. *Rowe v Montgomery Ward & Co, Inc,* 437 Mich 627, 636; 473 NW2d 268 (1991). This presumption, however, may be overcome by proof of an express contract for a definite term or a provision forbidding discharge in the absence of just cause, or it may be overcome by proofs that permit a promise implied in fact of employment security. *Id.* at 636-637. After reviewing the record in this case, we are convinced that the evidence presented, including

the supervisor's oral assurances that plaintiff could return to his engineering position if the sales position did not work out, was sufficient for the jury to find that plaintiff could not be discharged without just cause. We conclude, therefore, that the court did not err in denying defendant's motion for summary disposition. Moreover, we believe that the trial court correctly denied defendant's motions for a directed verdict and judgment notwithstanding the verdict.

Defendant next contends that the trial court erred in denying its motion for a new trial. A motion for a new trial may be granted when the jury's verdict was against the overwhelming weight of the evidence. The trial court's decision with regard to the motion will not be reversed absent an abuse of discretion. *Snell v UACC Midwest, Inc,* 194 Mich App 511, 516; 487 NW2d 772 (1992). In light of evidence contained within the record, including the oral assurances by plaintiff's supervisor and the written reprimand wherein plaintiff was informed that his performance would be reviewed monthly, we find no abuse of discretion on the part of the trial court. A jury could properly find that plaintiff could only be discharged by defendant with just cause and that in this case the defendant did not have just cause to discharge plaintiff.

Defendant further contends that the court erred in denying its motions for judgment notwithstanding the verdict and a new trial because the verdict was based on erroneous instructions given by the trial court. We disagree. The determination whether an instruction is accurate and applicable to a case is in the sound discretion of the trial court. There is no error requiring reversal if, on balance, the theories and the applicable law were adequately and fairly presented to the jury. *Wil-*

*liams v Coleman,* 194 Mich App 606, 623; 488
NW2d 464 (1992). After considering the record, we
are of the opinion that both sets of instructions
were warranted under the circumstances of this
case.

Defendant also contends that the trial court
erred in denying its motions for judgment notwith-
standing the verdict and a new trial because the
plaintiff failed to present a prima facie case on
damages and the award was excessive. A trial
court should deny a request for remittitur where
the jury award is supported by the evidence. *Cle-
mens, supra* at 464; *Snell, supra* at 517. We con-
clude that the jury's award of damages was sup-
ported by the evidence and was not excessive. In
addition, we believe that the trial court did not err
in allowing plaintiff to argue the issue of future
damages to the jury. Future damages are permissi-
ble in a case of this kind. *Renny v Port Huron
Hosp,* 427 Mich 415, 439; 398 NW2d 327 (1986);
*Ritchie v Michigan Consolidated Gas Co,* 163 Mich
App 358, 374; 413 NW2d 796 (1987).

Affirmed.

B. L. Howard, J., concurred.

Michael J. Kelly, P.J. *(dissenting).* I respect-
fully dissent.

In support of the existence of a just-cause em-
ployment contract, plaintiff relies primarily on the
statement by his supervisor that he could return
to his old job if his new job did not work out.
Plaintiff also relies on a statement to the effect
that, as long as he continued to remain the kind of
employee that he was, he would have a job. I do
not think that these statements can be construed
to establish a just-cause contract in light of their
context and in light of the Supreme Court's opin-

ion in *Rood v General Dynamics Corp,* 444 Mich 107; 507 NW2d 591 (1993), consolidated with *Schippers v SPX Corp.* In *Schippers,* the plaintiff had consulted with his supervisors about job security before deciding whether to transfer to another division and was told by his employer that "unless something was really wrong, [he] would be there for retirement" and that "as long as [the defendant] had a truck, [he] would be the driver." *Id.* at 122-123. The Court held that the plaintiff failed to present sufficient evidence to overcome the presumption of employment at will:

> Only by taking the statement completely out of context could a reasonable juror interpret them in the manner that Mr. Schippers asserts—as promises to terminate "only if something was really wrong," i.e., for just cause. The record shows discussion concerning job security in the sense of Hy-Lift's resolve in maintaining its trucking function, but there is no evidence whatsoever that indicates that the parties even discussed job security in the sense of requiring just cause for Mr. Schipper's termination. [*Id.* at 123-124.]

The Court distinguished *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), where it found a factual basis for a just-cause employment contract. The plaintiff in *Toussaint* had attended several interviews before being hired by the defendant. At one of the interviews, the plaintiff specifically inquired about job security and was told that he would be with the company as long as he did his job. The *Schippers* Court noted:

> Unlike the facts of this case, both Mr. Toussaint's inquiry and Mr. Schaedel's response indicate a discussion concerning the likelihood of Mr. Toussaint being discharged. Here, the evidence

indicates that Mr. Schippers' only concern was losing his job as a result of Hy-Lift discontinuing its trucking function. Given that Mr. Schippers' inquiries were restricted to this subject, his supervisors' statements simply cannot be interpreted as assent to a contract providing for termination only for just cause. . . . Indeed, viewing the statements in context makes clear that the language referred to management's intentions regarding the permanency of the trucking function at Hy-Lift and not to the sufficiency of the grounds required to terminate Mr. Schippers. [444 Mich 125.]

In *Rood, supra,* the plaintiff confronted his supervisor after becoming concerned about his job security in light of a pending merger. The supervisor told him that "[his] job [was] fine, it's secure." Even under those circumstances, the Court held the evidence insufficient to support a just-cause employment relationship. *Id.* at 134. Similarly, in *Rowe v Montgomery Ward & Co, Inc,* 437 Mich 627, 642; 473 NW2d 268 (1991), the Supreme Court found insufficient evidence of a just-cause contract where the plaintiff was assured by her employer that "as long as [she] sold, [she] would have a job at Montgomery Ward."

Like the Court in *Schippers,* I do not see how a reasonable person could interpret defendant's promise to return plaintiff to his old position as assent to a just-cause employment contract. Nor do I consider the other oral representations indicative of a clear intention to create such a contract. They were not made in response to an inquiry concerning when or how plaintiff's employment might be terminated. Nor were they made in response to articulated concerns by plaintiff that he be terminated for just cause only. See *Barber v SMH (US), Inc,* 202 Mich App 366, 371; 509 NW2d 791 (1993). The focus of the conversations in which these

statements arose was simply not specific enough to the topic of just-cause employment to warrant a finding that defendant clearly intended to override the at-will employment language in the employment application.

I also find unpersuasive plaintiff's argument that the termination report, listing reasons for discharge, and the written reprimand, providing that plaintiff would be reviewed on a monthly basis, created a legitimate expectation of just-cause employment. With respect to the termination report, there is no evidence that plaintiff knew of its existence before he was dismissed. Thus, the report could not have instilled any legitimate expectations of just-cause employment. Moreover, a nonexclusive list of grounds for discharge does not preclude an employer from discharging an employee at will. *Rood, supra* at 142; *Rowe, supra* at 645. With respect to the written reprimand, which applied only to plaintiff, the Supreme Court held in *Rood, supra* at 138, that the legitimate expectations theory is not available where the policy creating the expectation of just-cause employment applies only to an individual employee.

I would reverse the trial court's rulings on defendant's motions for summary disposition, a directed verdict, and judgment notwithstanding the verdict.