**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0268n.06
Filed: April 8, 2005

No. 03-2533

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TASTEFULLY SIMPLE, INC.,
     *Plaintiff-Appellant*
          v.

TWO SISTERS GOURMET, L.L.C., ET AL.,
     *Defendant-Appellee*.

On Appeal from the
United States District Court for
the Eastern District of Michigan

_____/

BEFORE: KENNEDY, MOORE, and SUTTON, Circuit Judges.

KENNEDY, Circuit Judge. Plaintiff, Tastefully Simple, Inc., appeals from the district court's order granting summary judgment in favor of the Defendants on its claims for copyright infringement, unfair competition by false designation of origin in violation of the Lanham act, breach of contract, and unjust enrichment. For the following reasons, we AFFIRM.

## BACKGROUND

Tastefully Simple, Inc. was established in 1995 as a direct sales gourmet food company. Tastefully Simple's business operates through a system of "sales consultants" who are independent contractors affiliated through an agreement with Tastefully Simple. Each consultant purchases sales materials from Tastefully Simple, which include product and recipe documentation, business forms and plan instructions, instructional video tapes, and various sales accessories. The consultants purchase the gourmet food products at a reduced price, and then sell the products at home based

1

parties for a profit. Tastefully Simple's consultants are also compensated on the basis of the sales of consultants that they recruit.

In early 1999, Defendant Lori Caruso met with Tastefully Simple consultant Jennifer Raybaud and became interested in Tastefully Simple's business. On April 25, 1999, Caruso signed a consultant agreement and became a sales consultant with Tastefully Simple. The consultant agreement between Caruso and Tastefully Simple did not include a non-compete clause. On April 26, 1999, Tastefully Simple invoiced Caruso for $150 for a training kit. Between April 27, 1999 and August 4, 1999, Caruso purchased $2,815 worth of products, samples, and supplies from Tastefully Simple.

On or before August 14, 1999, Caruso and her sister-in-law, Defendant Catherine Hackenberger, hired a graphic designer to create logos for a company Caruso and Hackenberger planned to develop called Two Sisters Gourmet. Two Sisters Gourmet, like Tastefully Simple, is a gourmet food direct sales business utilizing a multi-level marketing channel in which consultants recruit other consultants and are compensated not only according to their sales, but also according to the sales of "downline" consultants.

Caruso prepared a Two Sisters Gourmet consultant's manual in November 1999. Caruso explained that she prepared the manual by drawing on her prior business experience, her educational background, and on her research into other direct sales companies. Caruso did have Tastefully Simple's 1999 consulting manual in her possession at this time.

Caruso and Hackenberger hosted their first party under the Two Sisters Gourmet brand name on November 5, 1999. In December 1999, Tastefully Simple informed Caruso that she would be deactivated on December 31, 1999 if she did not meet her $400 minimum quarterly quota. Caruso

did not meet the quota, and on January 6, 2000, Tastefully Simple informed Caruso that she had been deactivated. On January 27, 2000, Caruso returned Tastefully Simple's 1999 consulting manual to it.

On January 28, 2002, Tastefully Simple brought this action against the Defendants alleging 1) copyright infringement for copying six pages from its consultant's manual, 2) unfair competition by false designation of origin in violation of the Lanham Act, 3) unjust enrichment, and 4) breach of contract. After the district court granted the Defendants' motion for summary judgment on the above claims, Tastefully Simple appealed.

## ANALYSIS

We review a district court's grant of summary judgment *de novo*, using the same standard under Federal Rule of Civil Procedure 56(c) used by the district court. *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999). Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, "we must view the factual evidence and draw all reasonable inferences in favor of the non-moving party." *Nat'l Enters. v. Smith*, 114 F.3d 561, 563 (6th Cir. 1997). To prevail, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; [rather] there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

3

I.      Copyright Act Claim

Tastefully Simple alleges that the Defendants unlawfully copied six forms from its consulting manual and training kit.[1]  In granting summary judgment in favor of the Defendants on this claim, the district court held that three of the forms (100% Satisfaction, Customer Order, and Product Return/Claim forms) were not subject to copyright protection because they were "blank forms," which do not convey information, but rather "merely provide a convenient method for consultants to record ordered or returned items for administrative purposes and record keeping."  The district court held that the remaining documents (Taxes, Party Checklist, and Reactivation forms) were not entitled to copyright protection because the forms were not original.[2]

Tastefully Simple argues that the district court erred in concluding that its 100% Satisfaction, Customer Order, and Product Return/Claim forms were blank forms not subject to copyright because "whether or not a form document conveys information is a genuine issue of

---

[1] Tastefully Simple also alleges that Two Sisters' copying of its sales materials into its own sales materials would likely cause confusion in the marketplace as to the source of Two Sisters' products, in violation of the Lanham Act.  However, as noted below, since such forms are widely used in the direct sales gourmet food industry, a consumer would not identify the source of a direct sales gourmet food company's products on the basis of such forms.

[2] Tastefully Simple argues that the district court erroneously considered twenty-two exhibits because they were not supported by affidavits as required by Fed. R. Civ. P. 56(e), and because, the Plaintiff asserts, they constituted inadmissible hearsay.  The exhibits consisted of forms, some similar to those alleged to have been copied in this case, from other competing direct sales gourmet food companies' consulting manuals.  Although the exhibits were not supported by affidavits, it is undisputed that Two Sisters could easily submit affidavits to establish their authenticity.  Thus, any error in admitting the documents unsupported by affidavits is harmless.  Additionally, the documents were not inadmissible hearsay for they were not offered to prove the truth of what the forms asserted; rather, they were offered to show that Plaintiff's forms were not original because essentially every direct sales gourmet food company in the industry uses similar forms.

4

material fact that must not be decided on a motion for summary judgment." "Blank forms, such as time cards, graph paper, account books, diaries, bank checks, scorecards, address books, report forms, order forms, and the like, which are designed for recording information and do not in themselves convey information," are not subject to copyright protection. 37 C.F.R 202.1(c); *See Baker v. Selden*, 101 U.S. 99 (1879). The first step in considering copyright infringement claims is for the court to identify "which aspects of the artist's work, if any, are protectible by copyright." *Kohus v. Mariol*, 328 F.3d 848, 855 (6th Cir. 2003). Thus, whether a form is a "blank form," and therefore not entitled to copyright protection, is a question of law for the court to decide. The district court correctly concluded that the 100% Satisfaction, Customer Order, and Product Return/Claim forms were not entitled to copyright protection because they were "blank forms" that merely recorded information. For instance, the Satisfaction Form merely records such information as the consultant's and client's name and phone number, the food item's number and description, and the client's concern. The Customer Order form simply lists the description of the food product for sale and its price and then has a column for "quantity" and "total price" that the consultant or purchaser fills out. The Product Return/Claim form merely provides the consultant with a convenient matrix to record the information that Tastefully Simple requires when a consultant returns a product. As these forms were designed to record information and do not in themselves convey information, we agree they are not subject to copyright protection.

The district court also correctly held that the three remaining documents, entitled "Taxes," "Reactivation," and "Party Checklist," were not entitled to copyright protection because they did not satisfy the originality requirement. For a valid copyright to exist, the

5

copyrighted material must be an original work of authorship. 17 U.S.C. § 102. "Originality . . . means only that the work was independently created by the author (as opposed to copied from other works), and that it possess at least some minimal degree of creativity." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991).

The Taxes document that Tastefully Simple claims is subject to copyright protection consists of a spreadsheet that lists alphabetically all the states in the union, the states' respective tax department names, addresses, and telephone numbers, and the states' sales tax rate. Direct sales companies provide their sales consultants with this information since the consultants are responsible for remitting to the appropriate state taxing authority the sales taxes they collect upon selling their products. This form is not subject to copyright protection not only because it has no minimal level of creativity, but also because it is barred by the merger doctrine, for the only way to inform someone of the respective states' sales tax rates and their taxing department names and addresses is to actually list the information. *Kohus*, 328 F.3d at 856 (noting that "[w]hen there is essentially only one way to express an idea, the idea and its expression are inseparable [i.e., they merge,] and copyright is no bar to copying that expression.") (alteration in original, internal citation omitted).

The "Reactivation" document simply explains that deactivated consultants who choose to reactivate are required to pay a reactivation fee and place a minimum order. Tastefully Simple's president testified that she was aware of other companies having a similar policy and got the idea for a reactivation policy from another direct sale gourmet food company, Creative Memories. Because Plaintiff's and Creative Memories' "reactivation policies" are strikingly similar, and

6

because reactivation policies are standard in the industry, Plaintiff's "reactivation" document was not original and could therefore not be afforded copyright protection.

Likewise, the "Party Checklist" document is not original. The "Party Checklist" document lists the things that the consultant should do before a tasting party is held. For instance, three weeks prior to the holding of a tasting party, the checklist reminds the consultant to call the hostess to confirm the party and date and to deliver the hostess kit. Two weeks prior to the party, the consultant is to review the status of supplies, such as tortilla chips, pretzels, crackers, and souffle cups. One week prior, the consultant is to call the hostess to confirm that the invitations were sent, pre-pour all the samples, and stuff the catalog with inserts. Finally, on the day of the party, the consultant is to confirm that she has her calculator, cash box, recipes, brochures, and recruiting packets, among other things.

Party checklists have been in the public domain for years as they are commonly used for wedding, birthday, and anniversary parties as well as for "tasting parties." It is true that all copyrighted materials are in the "public domain" in the sense that, when made available, anyone may view them. However, when used as a phrase of art in the context of copyright law, a document or publication that is in the public domain is one that is owned by the public and thus not subject to copyright protection. Although it is undisputed that party checklists were in existence long before Tastefully Simple created its party checklist, "a work may be protected by copyright even though it is based on something already in the public domain if the author . . . has contributed a distinguishable variation [to it]." *Norma Ribbon & Trimming*, *Inc.*, *v. Little, et al.*, 51 F.3d 45, 47 (5th Cir. 1995) (citation and internal quotations omitted). Tastefully Simple's party checklist is specifically tailored to "tasting parties." However, the idea of including a party

checklist for a "tasting party" is not original or creative, and party checklists, similar to the one used by Tastefully Simple, are used by other direct sales gourmet food companies. Even the items in Tastefully Simple's party checklist that one might consider creative, such as the listing of pretzels and souffle cups as supplies, are not only used by other direct sales gourmet food companies but are essential to conducting the direct sales gourmet food business. For instance, just as at a Tupperware party where the host will have Tupperware containers to display, at any gourmet *food* "tasting party" the host will have pretzels for the guests to use to sample, for example, the mustards for sale, and little souffle cups to place food samples in, such as nuts or salsa. We conclude that Tastefully Simple's party checklist is not subject to copyright protection.[3]

2.      Breach of Contract

Tastefully Simple argues that Defendant Caruso breached paragraph 10 of the Consultant Agreement, which requires that the consultant "maintain high standards of integrity, honesty, and responsibility in dealings with Tastefully Simple," when she started a competing business while she was still a consultant for Tastefully Simple. Paragraph 10, however, is not a non-

_____

[3] Tastefully simple also argues that the Defendants were unjustly enriched as a result of their copying of its consultant manual materials. The Copyright Act preempts this claim to the extent it relies upon the Defendants alleged copying of the "Taxes," "Reactivation," and "Party Checklist" forms because 1) these documents fall within the scope of the "subject matter of copyright,"as specified in 17 U.S.C. §§ 102, 103, and 2) Tastefully Simple's claim depends on nothing more than the unauthorized use of these forms. *Murray Hill Publ'ns*, *Inc. v. ABC Communications*, *Inc.*, 264 F.3d 622, 636-38 (6th Cir. 2001). The Copyright Act does not preempt Tastefully Simple's unjust enrichment claim to the extent it relies upon the "blank forms" since those forms are not within the scope of the subject matter of copyright. Nonetheless, Tastefully Simple's claim fails with respect to these documents also because Michigan law will not imply a contract where there is a contract covering the same subject matter. *Barber v. SMH*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993). As noted below, since the contract covered Caruso's "behavior" as a consultant, a contract will not be implied in law.

8

compete clause, and Tastefully Simple cannot convert it into one. Tastefully Simple presents no evidence that Caruso ever lied to the company, failed to pay for her purchases, or mistreated customers, which are the types of activities this provision is certainly meant to curtail.

Tastefully Simple also asserts that Defendant Caruso breached paragraph 2 of the consultant agreement. Paragraph 2 provides, "I shall not market or otherwise promote the sale of any products or supplies other than Tastefully Simple products at a Tastefully Simple function . . . ." As admitted by Tastefully Simple's president, a party at which no Tastefully Simple products are sold is not a Tastefully Simple function. There is no evidence that Defendant Caruso ever sold Two Sisters' products at a Tastefully Simple function. Recognizing the problem with this claim, Tastefully Simple asserts that what paragraph 2 actually means is that a consultant is not only prohibited from marketing Tastefully Simple's products at a function other than a Tastefully Simple function, but that a consultant is also "prohibited from marketing or otherwise promoting the sale of *any* products or supplies other than Tastefully Simple's products." As with paragraph 10, Tastefully Simple attempts to convert this paragraph into a non-compete clause. This paragraph is not capable of any such interpretation.[4]

For the foregoing reasons, we AFFIRM.

---

[4] In support of this interpretation of paragraph 2, Plaintiff points out that the sentence immediately prior to the language of paragraph 2 quoted above provides that the consultant agrees "not to sell or display those products or conduct parties of Tastefully Simple business in retail stores or service establishments." Tastefully Simple contends that this language, taken together with the language quoted above, leads to the conclusion that a consultant is prohibited from selling any other product besides those of Tastefully Simple's. This is an unreasonable interpretation.

9