261 F.Supp.2d 864 (2003)
In re DCT, INC., Debtor.
Homer W. McClarty, Trustee, Plaintiff/Counter-Defendant,
v.
The Detroit Edison Company, and Edison Development Corporation, Defendants/Counter-Plaintiffs.
No. 02-72121.
United States District Court, E.D. Michigan, Southern Division.
April 16, 2003.
*865 Mark H. Shapiro, Paul J. Randel, Steinberg & Shapiro, Southfield, MI, for plaintiff.
Robert A. Marsac, Lisa A. Robinson, Williams Mullen, Detroit, MI, for defendant.

MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
COHN, District Judge.

I. Introduction
This is a commercial dispute which began in state court, was removed to bankruptcy court as an adversary proceeding, and came to the Court on an order withdrawing the reference to the bankruptcy court. Plaintiff Horner McClarty, as trustee for DCT, Inc. (DCT)[1] is suing defendants The Detroit Edison Company and Edison Development Corporation (collectively, Edison) claiming damages arising out of failed efforts to form a joint venture between DCT and Edison pertaining to residential fuel cell systems capable of delivering electricity and waster heat to homes. DCT's Third Amended Complaint asserts claims for (1) breach of oral contract and (2) promissory estoppel. Edison filed a counterclaim for (1) fraud and misrepresentation, (2) fraud in the inducement, and (3) declaratory relief.
Edison filed a motion for summary judgment on both claims[2] on the grounds that DCT's claims fail as a matter of law based on a letter of intent (LOI) between the parties dated January 14, 1997. Following oral argument, the Court granted the motion in part and denied it in part and dismissed DCT's breach of oral contract claim. See Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Directing the Parties to File Supplemental Papers, filed January 30, 2003, stating in relevant part:
As to DCT's promissory estoppel claim, Edison argues that the LOI precludes any promissory estoppel claim as a matter of law. In other words, Edison says that the LOI contains all of the materia] facts sufficient to support summary judgment on DCT's promissory estoppel claim. Because neither party followed the Court's motion practice guidelines for motions for summary judgment, the parties are directed to file supplemental papers as follows:
Within 30 days from the date of this order, DCT shall file a statement of facts. In the statement, DCT shall list, in separately numbered paragraphs, all of the material facts which form the basis for a promissory estoppel claim. Each fact shall contain a citation to the record. Edison shall have 15 days to respond to DCT's statement. Edison's statement shall state in separately numbered paragraphs, following the order of DCT's statement, whether each of the facts asserted by DCT is admitted or denied (and may include a short comment) *866 merit) and be supported by appropriate citations to the record. The Court will schedule a hearing after the papers are received.
The parties have now submitted supplemental papers.[3] The matter is ready for decision. For the reasons which follow, Edison's motion for summary judgment on DCT's promissory estoppel claim will be granted and this case will be DISMISSED.

II. Background

A.
In July of 1995, DCT, an automotive supplier, and Edison began working together to develop and commercialize fuel cells for residential use. DCT claimed that at this point the parties orally agreed to a partnership.
On January 14, 1997, after two years of negotiations, DCT and Edison signed a LOI "to enter into a Project Development Agreement with DCT ... to develop, manufacture, market, and distribute small scale (1KW50KW) fuel cell systems capable or delivering electricity and waste hear to homes." DCT claims that the LOI set forth only the structure of the joint venture, but that the parties had already orally agreed in July of 1995 to enter into the joint venture. Edison denies that any such agreement was made in 1995. The LOI contains several conditions precedent before it was to take effect. DCT admits that those conditions were never met, i.e. that no definite agreement was reached regarding the terms of the LOI.
On February 19, 1997, DCT entered into a Propriety Information Non-Disclosure Agreement with a third-party, Mechanical Technology Corporation (MTI), which Edison and DCT identified as a possible third party to the joint venture.
On April 10, 1997, Edison terminated its relationship with DCT. Edison apparently then entered into a partnership with MTI, and Edison and MTI formed Plug Power, Inc. to develop fuel cell usage.

B.
On January 25, 2000, DCT sued Edison and Plug Power, Inc. in Wayne County Circuit Court. The Complaint asserted the following claims:
(1) breach of December 1993 agreement (a non-disclosure agreement)
(2) misappropriation of trade secrets,
(3) breach of the LOI,
(4) promissory estoppel,
(5) unjust enrichment,
(6) unfair competition.
On June 9, 2000, Edison filed a Counter-Claim against DCT, asserting the following claims:
(1) fraud/misrepresentation
(2) fraud in the inducement
(3) declaratory action.[4]
On March 26, 2001, DCT filed an Amended Complaint against Edison and Plug Power, Inc. asserting the same claims:
(1) breach of December 1993 agreement,
(2) misappropriation of trade secrets
(3) breach of the LOI
(4) promissory estoppel
(5) unjust enrichment

*867 (6) unfair competition On March 28, 2000, some of DCT's claims against Plug Power, Inc. (counts (1), (3) and (4)) were dismissed with prejudice.
On August 31, 2001, the state court dismissed count (2)misappropriation of trade secretsagainst Edison and Plug Power, Inc. for DCT's failure to provide discovery and comply with discovery orders. The Michigan Court of Appeals denied DCT's application for leave to appeal the dismissal.
On February 8, 2002, DCT agreed to dismiss the following claims in a stipulated order:
(1) breach of December 1993 agreementas to both defendants
(5) unjust enrichmentas to Power Plug, Inc. only
(6) unfair competitionas to both defendants
At this point, DCT had no further claims against Plug Power.
Nearly two years after filing the original Complaint, on February 14, 2002, DCT's creditors forced it into a Chapter 7 bankruptcy proceedings. Four days later, on February 18, 2002, DCT filed a Second Amended Complaint against Edison asserting the following claims:
(1) breach of LOI
(2) promissory estoppel
(3) unjust enrichment
On March 29, 2002, Edison filed a motion for summary disposition in state court on count 1breach of the LOI. The motion was scheduled for hearing on April 15, 2002. However, due to DCT's bankruptcy, DCT removed the case to bankruptcy court days prior to the scheduled hearing.
On May 24, 2002, Edison filed a motion to withdraw the reference to the bankruptcy court. The Court granted the motion. See Order Withdrawing Reference from Bankruptcy Court, filed July 23, 2002. Thereafter, Edison filed a motion for summary judgment on count 1 and a motion to dismiss all claims for failure to comply with discovery.
Following a scheduling conference on September 12, 2002, the Court issued a Scheduling Order providing that: (1) Edison lodge with the Court the relevant state court papers, (2) DCT provide Edison with certain discovery within 30 days, (3) the deposition of David Stone (of DCT) be taken within 60 days, (4) Edison may file a motion for summary judgment within 90 days, (5) Edison's motion for summary judgment as to count 1 was dismissed without prejudice, (6) Edison's motion to dismiss was dismissed without prejudice, (7) Edison's motion to compel discovery and the deposition of David Stone was stayed pending further order of the Court, and (8) DCT may file a Third Amended Complaint in the form lodged with the Court at the scheduling conference.
On October 1, 2002, DCT filed a Third Amended Complaint asserting (1) breach of oral contract, (2) promissory estoppel. As noted above, DCT's breach of oral contract claim was dismissed and the parties were directed to file supplemental papers on DCT's promissory estoppel claim, the subject of this memorandum.

III. Summary Judgment
Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a trier of *868 fact or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir.1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995). Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted. Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir.2001).

IV. Analysis

A.
DCT has complied with the Court's directive and filed a statement of material facts in 43 separately numbered paragraphs, with citations to the record, detailing the facts it believes relevant to its promissory estoppel claim. Edison, however, has not responded to DCT's facts as directed. Rather than responding to DCT's facts in separately numbered paragraphs, Edison instead says that the denies all of the facts "for the reasons stated in their initial motion, brief, and reply brief, with supporting references to the record." Edison's also says that it will assume DCT's facts to be true and that even if they are true, DCT's promissory estoppel claims still fails as a matter of law because the LOI contains all of the terms of the parties' agreement. The remainder of Edison's response is argument. Although Edison did not respond as directed, DCT's promissory estoppel claim still fails.

B.
To elements of promissory estoppel are: (1) a promise; (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee; (3) which in fact produced reliance or forbearance of that nature; and (4) in circumstances such that the promise must be enforced if injustice is to be avoided. Booker v. Detroit, 251 Mich.App. 167, 174, 650 N.W.2d 680 (2002).
The Court of Appeals for the Sixth Circuit recently stated Michigan law regarding promissory estoppel where, as in this case, there is also an express agreement between the parties:
Promissory estoppel may not be used to override the express agreement of the parties contained in written agreements. See, e.g., Martini v. East Lansing School District], 193 Mich.App. [166] at 180, 483 N.W.2d 656 [(1992)]. For the court to apply promissory estoppel under Michigan law, it must find that an implied agreement exists between the parties, in the absence of an express contract. Barber v. SMH, Inc., 202 Mich.App. 366, 509 N.W.2d 791 (1993).
APJ Associates, Inc. v. North American Philips Corp., 317 F.3d 610, 617 (6th Cir. 2003).
DCT's statement of facts, however, simply sets forth the same facts cited to support its claim for breach of oral contract. That is, that the parties had a binding joint venture agreement in 1995, that DCT relied on this joint venture, and it would be unfair for Edison to deny its existence. DCT's promissory estoppel claim can be summarized as follows: Edison promised DCT in July of 1995 that they would be equal partners in a joint venture to develop fuel cells for residential use, Edison should have expected DCT to rely on this promise of a joint venture, DCT was induced to rely on these promises by providing Edison with access to DCT and causing DCT to spend millions of dollars developing fuel cell technology, and injustice will result if Edison's promise of a joint venture is not honored.
*869 First of all, as stated above, these facts are the same facts cited to support a breach of oral contract claim, i.e. that DCT and Edison had a binding joint venture agreement in 1995. The Court rejected any notion that Edison could be bound by an oral agreement in dismissing its oral breach of contract claim.
DCT's promissory estoppel claim is not viable. The subject matter of the alleged promises that DCT relies on are the exact promises made in the LOIthat the parties would share in a joint venture company to commercial fuel cells for residential use. Edison's Exhibit 3 (attached) shows how all the alleged promises Edison made to DCT in 1995 were included in the LOI. DCT's argument that the LOI governed only the structure of the parties' pre-existing joint venture is simply not tenable. There was no joint venture. Moreover, any promises that were made from 1995 to 1997 were merged into and subsumed by the LOI. See Lawyers Title Ins. v. First Federal Savings Bank, 744 F.Supp. 778, 783 (E.D.Mich.1990). The LOI and the alleged promises in 1995 cover the same subject matterthe development of a joint venture for residential fuel cell technology.
It is clear that the parties had a business relationship beginning in 1995 and that DCT expended significant resources in working to further develop the relationship. That relationship, however, was not formalized until the LOI was executed and DCT cannot have a claim based on any understanding between the parties prior the LOI. This is not a novel circumstance. Companies often spent significant time and resources negotiating and developing a relationship with another company before the terms of the relationship become binding. That is the nature of doing business. Here, DCT's relationship from 1995 to 1997 with Edison culminated in the LOI. DCT understood the bargain into which it was entering. Promissory estoppel based on any extrinsic understandings is simply not appropriate. See APJ Associates, supra, at 614.

V. Conclusion
For the reasons stated above, Edison's motion for summary judgment on DCT's promissory estoppel claim is GRANTED. This case is DISMISSED.[5]
SO ORDERED.

 EXHIBIT 3
 TERMS OF THE TWO "SEPARATE AND DISTINCT" AGREEMENTS
 The Edison Defendants' 1995
 Representations
 (As Alleged by DCT) 1997 Letter of Intent
 Edison and DCT to be equal partners.[1] Edison and DCT to be equal partners.[2]
 Partnership to involve fuel cells.[3] Partnership to involve fuel cells.[4]
 The partnership was allegedly established to The partnership was allegedly established to
 develop fuel cells for residential purposes.[5] develop fuel cells for residential purposes.[6]
 The parties were to develop a commercialization The parties were to develop a commercialization
 plan.[7] plan.[8]
 Edison to contribute money, contacts, market Edison to contribute money and future in-kind
 research, distribution knowledge.[9] services, e.g., market research, engineering,
 etc.[10]

*870
DCT to contribute general knowledge and research DCT to contribute all fuel cell work to date,
for fuel cells, manufacturing processes, including patents, know-how, key employees
commercialization strategy, and plan for entry (e.g., Mike Crawford), equipment, inventory,
into market.[11] etc.[12]
Each side to bear its own costs during initial Each party to bear its own transaction costs.[14]
product development.[13]
Michael Crawford, of DCT, to be Vice-President.[15] Michael Crawford to be Executive Vice-President.[16]
NOTES
[1] Plaintiff will be referred to as DCT.
[2] Also before the Court is DCT's Motion for a Protective Order regarding the deposition of David Stone. As stated at the hearing on January 29, 2003, Edison has agreed to withdraw the notice of taking David Stone's deposition subject to its right to renew the notice. DCT's motion is therefore DENIED as MOOT.
[3] Although the Court originally scheduled this matter for a supplemental hearing, upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).
[4] Edison's fraud counts are based on the allegation that DCT made material misrepresentations to Edison regarding its ability to develop fuel cell technology in order to induce Edison to enter negotiations with DCT which culminated in the execution of the LOI.
[5] Although Edison filed a three count counterclaim against DCT in state court, it has not pursued judgment on its counterclaim before the Court; the counterclaim is therefore deemed abandoned.
[1] Henderson dep tr, pp 208-9; Third Amended Complaint, ¶¶ 24, 30; Stone Affidavit, 18A
[2] Letter of Intent, pp 2-3
[3] Henderson dep tr, pp 208-9; Third Amended Complaint, ¶¶ 24, 30; Stone Affidavit, 118
[4] Letter of Intent, p 1, "This Letter of Intent.... contains the proposal by Edison... to enter into a Project Development Agreement with DCT, Inc... .to develop, manufacture and distribute small scale.. .fuel cell systems capable of delivering electricity and heat to homes."
[5] Henderson dep tr. pp 208-9; Third Amended Complaint, 11124, 30; Stone Affidavit, p 8A
[6] Letter of Intent, p 1
[7] Henderson dep tr, pp 208-9; Third Amended Complaint, ¶¶ 24,30
[8] Letter of Intent, p 1
[9] Third Amended Complaint, ¶¶ 24, 30; Stone Affidavit, ¶ 8C
[10] Letter of Intent, p 2
[11] Third Amended Complaint, ¶¶ 24, 30, 31; Stone Affidavit, 118D
[12] Letter of Intent, p 1
[13] Stone Affidavit, 118D
[14] Letter of Intent, p 5
[15] Michael Crawford dep tr, pp 408, 425
[16] Letter of Intent, p 4