*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL SOAVE,

      Plaintiff-Appellee,

v

BILLY HOPKINS,

      Defendant-Appellant.

UNPUBLISHED
May 26, 2022

No. 357651
Monroe Circuit Court
LC No. 21-143648-CH

Before: JANSEN, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

In this contract dispute, defendant appeals as of right the trial court's order granting plaintiff's motion for summary disposition. We affirm.

## I. BACKGROUND

This case arises out of a contract dispute regarding the sale of land. Defendant and plaintiff entered into an agreement in the form of an Offer to Purchase Real Estate, in which plaintiff agreed to purchase land from defendant in the Village of Dundee. The agreement included a legal description of two separate lots totaling "115.73+-" acres. The agreement contained a price of $8,500 "per gross acre as certified by a survey to be prepared by a Registered Land Surveyor to be mutually agreed to by the Parties, at Purchaser's expense, and supplied to Seller." In addition, the agreement provided that

> [s]aid survey shall be an ALTA staked survey certified to the Seller certifying the gross acreage to within 1/100ths of an acre with no deduction for easements or right of ways. Said survey shall be completed within 14 days of mutual acceptance of the Offer to Purchase by the Parties and provided by Purchaser to Seller with acceptance by Parties within 7 days of the certification.

The agreement also provided plaintiff with the right to seek specific performance as his sole remedy in the event of a breach. In December 2020, the parties signed an addendum to the agreement, adding:

A. The ALTA survey procured by the Purchaser in order to determine the gross acreage of the Property shall be completed by Purchaser's Land Surveyor shall be on or before December 31, 2020.

B. The Closing on the Property shall occur on or before January 31, 2021.

After the survey was completed, defendant refused to proceed to closing, believing the property contained more than the 88.29 acres determined by the survey. Plaintiff filed a complaint for specific performance and moved for summary disposition under MCR 2.116(C)(10). In response, defendant argued that rescission of the contract was required because both parties were mistaken as to the property's acreage. The trial court granted plaintiff's motion for summary disposition and ordered specific performance of the contract. Defendant unsuccessfully moved for reconsideration, arguing that plaintiff had not complied with the terms of the agreement because plaintiff failed to complete and deliver the required certified survey under the agreement. This appeal followed.

On appeal, defendant contends the trial court erred because (1) a mutual mistake existed as to the acreage of the property, and rescission of the contract should have been granted, and (2) questions of fact remained regarding the acreage of the property and the timely delivery of the survey required under the contract, making summary disposition inappropriate under MCR 2.116(C)(10).

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision to grant or deny summary disposition." *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 45; 951 NW2d 64 (2020). Summary disposition is appropriate under MCR 2.116(C)(10) when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. "[W]e review the entire record to determine whether the moving party was entitled to summary disposition." *Broz*, 331 Mich App at 45. This Court considers "affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, in a light most favorable to the party opposing the motion" in its review. *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citation omitted).

Questions involving the interpretation of a contract are also reviewed de novo. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). "In ascertaining the meaning of a contract, we give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Id*.

## III. MUTUAL MISTAKE

Defendant first argues that a mutual mistake existed as to the property's accurate number of acres, and the trial court should have rescinded the contract based on the parties' mistake. We disagree.

"A contractual mistake is a 'belief that is not in accord with the facts.' " *Lenawee Co Bd of Health v Messerly*, 417 Mich 17, 24; 331 NW2d 203 (1982) (citation omitted). This erroneous belief "must relate to a fact in existence at the time the contract is executed." *Id*. Our Supreme Court defined a mutual mistake of fact "to mean an erroneous belief, which is shared and relied on by both parties, about a material fact that affects the substance of the transaction." *Ford Motor Co v Woodhaven*, 475 Mich 425, 442; 716 NW2d 247 (2006). A trial court has discretion to rescind a contract if a mutual mistake exists. *Lenawee Co Bd of Health*, 417 Mich at 26. "The determination whether [a party is] entitled to rescission involves a bifurcated inquiry: (1) was there a mistaken belief entertained by one or both of the parties to a contract? and (2) if so, what is the legal significance of the mistaken belief?" *Garb-Ko, Inc v Lansing-Lewis Servs, Inc*, 167 Mich App 779, 782; 423 NW2d 355 (1988).[1]

Defendant argues that a mutual mistake existed because both parties were mistaken as to the acreage of the property, and summary disposition should have been denied. We disagree. Defendant presented insufficient evidence that a mutual mistake existed, and has not shown that plaintiff thought that the approximate acreage of 115.73 in the agreement was correct. Defendant's main argument on this point is to contend that because plaintiff drafted the agreement, plaintiff must have believed the property contained 115.73 acres. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 470; 663 NW2d 447 (2003) (finding any ambiguities in a contrast must be construed against the drafter). However, defendant's argument ignores that to apply this rule, the contract must be ambiguous or contain ambiguous terms. A contract is ambiguous "when its provisions are capable of conflicting interpretations." *Id*. at 467 (quotation marks and citation omitted). "Accordingly, if two provisions of the same contract irreconcilably conflict with each other, the language of the contract is ambiguous." *Id*. Extrinsic evidence may be considered to interpret a contract containing ambiguous language. *Id*. at 469. Defendant does not argue any ambiguity, and no ambiguity was found by the trial court. A review of the agreement does not reveal any ambiguous or irreconcilably conflicting terms. Thus, defendant's argument that a mutual mistake existed fails from the outset.[2]

The terms of the agreement provide insight into plaintiff's intent. An unambiguous agreement between parties must be enforced as written. *Rory*, 473 Mich at 470. Additionally, "an unambiguous contractual provision is reflective of the parties' intent as a matter of law." *Quality Prod and Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 375; 666 NW2d 251 (2003). The

---

[1] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority[.]" *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012). Uncontradicted opinions decided before November 1, 1990, are "entitled to significantly greater deference than are unpublished cases." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

[2] Defendant also implores this Court to find a unilateral mistake existed, even if it does not find a mutual mistake. However, even if plaintiff mistakenly believed the property contained 115.73 acres, a contract cannot be avoided or reformed based on a unilateral mistake unless that mistake was induced by fraud. *Smith Living Trust v Erickson Retirement Communities*, 326 Mich App 366, 385; 928 NW2d 277 (2018). Defendant has not shown that plaintiff fraudulently induced defendant into signing the agreement; thus, this argument is irrelevant.

clear and unambiguous terms of the agreement included the sale of vacant land consisting of "115.73+-" acres at the price of $8,500 per acre "as certified by a survey." These terms only show that plaintiff was prepared to purchase all land owned by defendant, with the amount of land to be determined later by a survey. Therefore, defendant's argument that plaintiff must have believed the property contained 115.73 acres lacks merit, and there is no evidence of a mutual mistake.

In a related argument, defendant contends that parol evidence should have been allowed to determine the intent of the parties at the time the agreement was signed. Specifically, defendant argues parol evidence must be examined in the case of a mutual mistake of fact to determine the intent and understanding of the parties. Defendant cites *Koch v Bird*, 174 Mich 594, 597; 140 NW 919 (1913), in which our Supreme Court stated, "it is the duty of the court to look into testimony as to all of the surrounding circumstances and conversations leading up to the sale to ascertain and determine whether the sale was by the acre or in gross."

However, "[p]arol evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous." *Barclae v Zarb*, 300 Mich App 455, 480; 834 NW2d 100 (2013) (quotation marks and citation omitted). Because defendant failed to show the contract contains ambiguities, this argument also lacks merit and parol evidence cannot be considered.

Defendant further supports his argument that a mutual mistake existed by citing caselaw regarding mutual mistake related to the sale of land. Defendant cites *Koch*, 174 Mich at 596, in which an agreement for the purchase of land described the land as containing 110 acres of land, "more or less," for a total price of $9,075. Later, it was discovered the actual acreage was only 104½ acres. *Id*. The difference in acreage resulted in the seller receiving payment for more acres than the property actually contained. Our Supreme Court found there was a mutual mistake with respect to the number of acres in the farm, and that mistake was a material element of the contract. *Id*. at 599. Here, there is no evidence the contract was meant to be an agreement to sell a specified number of acres like in *Koch*. Instead, the agreement obligated defendant to sell an approximate number of acres to be determined by a professional survey at a set price per acre.

Defendant next cites *Garb-Ko*, in which a seller wished to rescind a contract for the sale of a property because the ground and groundwater were contaminated by leaking gasoline storage tanks, which neither party was aware of at the time the agreement was executed. *Garb-Ko*, 167 Mich App at 781. This Court found the agreement had been signed under a mutual mistake of fact as to the condition of the property. *Id*. at 782-783.

Similarly, in *Lenawee Co Bd of Health*, 417 Mich at 21, a property's buyers discovered raw sewage seeping out of the ground and asked for the land contract to be rescinded. Our Supreme Court found that the parties "both mistakenly believed that the property which was the subject of their land contract would generate income as a rental property," and "[t]he fact that it could not be used for human habitation deprived the property of its income-earning potential and rendered it less valuable." *Id*. at 29. The invalidity of this assumption "changed the character of the property transferred, thereby frustrating, indeed precluding [the sellers'] intended use of the real estate." *Id*. at 30-31. Thus, the parties' mutual mistake of fact materially affected the performance of the parties. *Id*. at 31.

In both of the cited cases, the property was found to be less valuable than initially believed by the parties at the time they entered into the agreements because of latent defects in the land. This was found to warrant rescission or reformation of the contracts because both parties were mistaken as to the basic worth and possible uses of the properties. Even if a mutual mistake existed in this matter, regarding the number of acres defendant owned, the number of acres would not materially affect the performance of the parties where the contract required payment of a specific price per acre for a to-be-determined number of acres verified by a survey.

Defendant also argues rescission is justified because plaintiff would be unjustly enriched if defendant is forced to sell the property. Unjust enrichment has been defined as the retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably expected. *Barber v SMH (US), Inc*, 202 Mich App 366, 375; 509 NW2d 791 (1993). Specifically, the difference in acreage between the approximately 115.73 acres stated in the agreement and the 88.29 acres confirmed by the survey would result in defendant making less money off the property than he expected at the time he entered into the agreement. While it is true that defendant will make less money than he would have if the property actually contained 115.73 acres, this is only because defendant is selling less acres than he expected. Plaintiff is not unjustly enriched because he is paying per acre in accordance with the agreement. Defendant has not shown a proper reason for rescission with this argument.

Because defendant failed to provide evidence of a mutual mistake, the trial court was not obligated to void the agreement, and the trial court properly granted plaintiff summary disposition.

IV. QUESTION OF FACT UNDER MCR 2.116(C)(10)

Next, defendant argues that questions of fact remained regarding: (a) whether the survey was timely delivered to defendant and (b) the understanding of the parties as to the number of acres of the property at the time the agreement was signed, which should have precluded the trial court from granting summary disposition. We disagree.

Defendant first argues a material question of fact remained regarding whether plaintiff timely delivered the certified survey to defendant as required by the agreement. Defendant argues that plaintiff failed to deliver the certified survey by December 31, 2020, as required by the addendum. In the response to plaintiff's motion for summary disposition, defendant argued that plaintiff failed to deliver the certified survey and that the survey plaintiff relied on is "not the survey that the [agreement] required." In addition, defendant argued the survey was not certified to defendant and was never delivered to defendant. However, defendant's response to plaintiff's motion for summary disposition failed to provide any evidence disputing the survey or that the survey was given to him.

Even viewing the evidence in the light most favorable to defendant, defendant has failed to present any evidence showing a remaining issue of material fact. "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted" under MCR 2.116(C)(10). *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016) (quotation marks and citation omitted). While defendant did submit an affidavit with his motion for reconsideration purporting to show the survey was never delivered, this evidence was not considered by the court when ruling on the motion for summary disposition.

Plaintiff's motion for summary disposition included the completed survey, and defendant failed to present any evidence to contest the validity of the survey or its timely delivery.

Defendant likewise did not submit any evidence of the intent or mindset of the parties, although he argues that a question of fact remains as to their intent at the time they entered into the agreement. Specifically, defendant argues that he only intended to sell 115 acres "give or take a fractional amount," and plaintiff was aware that defendant would not have sold the property otherwise. Defendant again argues parol evidence should have been considered regarding the parties' mindset, reviving his argument that ambiguities in the contract required the trial court to consider extrinsic evidence to determine the intent of the parties. As explained previously, this argument lacks merit because defendant failed to show any ambiguity in the contract requiring extrinsic evidence to be used. *Klapp*, 468 Mich at 467.

Because defendant failed to present evidence to show a genuine issue of material fact on these issues, the trial court properly granted summary disposition in favor of plaintiff.[3]

Affirmed.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan

---

[3] Based on the assertion of plaintiff's counsel at oral argument that plaintiff was in bankruptcy, we ordered plaintiff's counsel to file with this Court bankruptcy documents excluding the parcel involved in this litigation from the bankruptcy proceedings. *Soave v Hopkins*, unpublished order of the Court of Appeals, entered May 5, 2022 (Docket No. 357651). Plaintiff produced a November 18, 2020 order from the bankruptcy court denying his motion for authorization to sell real estate "without prejudice to the Debtor's right to sell the subject real estate outside the confirmed plan in this case." Therefore, it appears that this parcel is not subject to bankruptcy jurisdiction, and the sale may proceed.