*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARTER TOWNSHIP OF MONITOR,

      Plaintiff,

v

HAROLD MILLER,

      Defendant/Third-Party
      Defendant/Counter-Third-Party-
      Plaintiff-Appellant,

DONALD E. JONES,

      Third-Party Plaintiff/Counter-Third-
      Party-Defendant-Appellee,

HIM PROPERTIES, LLC,

      Third-Party Defendant/Counter-Third-
      Party-Plaintiff-Appellant,

and

HEALTH ADVANTAGE CREDIT UNION,

      Third-Party Defendant.

UNPUBLISHED
January 15, 2025
10:43 AM

No. 367643
Bay Circuit Court
LC No. 2019-003621-CH

Before: N. P. HOOD, P.J., and REDFORD and MALDONADO, JJ.

PER CURIAM.

      Defendant/counterplaintiff Harold Miller appeals as of right the order of judgment quieting title in favor of plaintiff/counterdefendant Donald Jones to a 12-foot strip of property and dismissing Miller's quiet title and promissory estoppel counterclaims regarding the same property. On appeal, Miller argues the trial court erred in denying him relief on promissory estoppel or quiet

-1-

title grounds. Miller also argues the trial court erred by applying the doctrine of clean hands to him and declining to apply it to Jones. Finding no error warranting reversal, we affirm.

## I. BACKGROUND FACTS

The facts underpinning this appeal started in 2012 when Miller and Jones exchanged two deeds so Miller could satisfy a local zoning code's setback requirement. Miller owns a multi-unit commercial building located at 1600 South Euclid (the "Euclid property") in Bay City, Michigan. Miller added a sidewalk with an overhanging roof to the south side of his building. Following installation of the roof, the Charter Township of Monitor (the "Township") informed Miller that the roof did not comply with the Township's 25-foot minimum setback requirement by approximately 12 feet and requested that he remove the roof.

Miller approached Jones, his neighbor to the south side of the property who owned a residential property, to satisfy the setback requirement. On August 2, 2012, Miller and Jones executed two deeds. The first deed conveyed the north 12 feet of Jones's property to Miller. The second deed, entered the same day, conveyed the same 12 feet of property back to Jones.[1] Miller recorded his deed the day the two deeds were executed to satisfy the Township's setback requirement. Jones did not record his deed until years later.

In 2019, the Township filed a compliance action against Miller alleging various zoning and fire code defects on the Euclid property. To comply with a consent order entered between Miller and the Township, Miller was required to remove fencing which sat on the 12-foot strip of property for fire lane access. In 2020, Miller used a bulldozer to remove the fence and landscaping. Miller also executed a deed that purported to convey the 12-foot strip of property to HIM PROPERTIES LLC, a limited-liability company owned and operated by Miller. Angered by the removal of his fence and landscaping, Jones confronted Miller and recorded his deed.

Jones filed a third-party complaint in the Township's compliance action to quiet title to the contested 12-foot strip of property in his favor. Miller answered Jones's complaint, pleaded the affirmative defense of unclean hands, and counterclaimed to quiet title to the contested property in his favor. Miller also pleaded a count of promissory estoppel, asserting that when the parties exchanged deeds in 2012, Jones promised Miller ownership of the 12-foot strip of property for as long as Miller needed it to comply with zoning regulation. In return, Jones denied that he promised ownership of the contested property to Miller and asserted the affirmative defense of unclean hands against Miller's quiet title and promissory estoppel claims.

A bench trial was held on Jones's and Miller's claims, during which Jones, Miller, and Miller's employee, Nickie Ross, testified regarding the intent behind the exchange of the two deeds in 2012. In Ross's and Miller's rendition of events, they met Jones for the first time at a township meeting and he approached them to offer a solution to Miller's setback issue by conveying the 12-

---

[1] Although entitled quitclaim deeds, each deed purports to "convey[] and warrant[]" the 12-foot strip of property for the consideration of one dollar.

foot strip of property to Miller for as long as he needed. Miller testified that he owned the contested property because he still needed it to comply with the setback requirement.

In Jones's rendition of events, Ross approached him and asked him to attend the Township meeting to explain that he was not bothered by the shortfall as the property owner impacted by the setback issue. When this tactic failed, Miller asked Jones to convey the 12 feet of property to him in return for Miller immediately conveying the property back to him. Jones denied that he promised Miller ownership of the property until Miller no longer needed it. Instead, Jones admitted that the parties exchanged the deeds to deceive the Township into believing that Miller owned the property. Jones believed that he owned the contested property and was free to record his deed at any time, but did not record it out of fear that it would alert the Township to the sham transaction.

The trial court granted Jones's quiet title claim and dismissed Miller's quiet title and promissory estoppel counterclaims. The trial court rejected Miller's version of events, finding that he was not a credible witness. Instead, the trial court credited Jones's testimony that the parties exchanged the deeds to deceive the Township with the first deed and Jones remained the true owner. The trial court declined to apply the doctrine of clean hands to Jones's quiet title claim, explaining, "his hands are only unclean to the extent that they were soiled by [Miller]" and "the Township is the victim here and equity would demand that [sic] a decision that also favors the Township's interests . . . ." Thereafter, the trial court entered a judgment quieting title in Jones's favor. This appeal followed.

## II.  STANDARD OF REVIEW

Actions for promissory estoppel and quiet title are equitable in nature. This Court reviews a trial court's equitable decisions de novo; however, a trial court's findings of fact supporting an equitable decision are reviewed for clear error. *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 444; 761 NW2d 846 (2008). A trial court's findings are clearly erroneous when there is no evidentiary support for the finding or when this Court is left with a definite and firm conviction that the trial court made a mistake. *Chelsea Investment Group, LLC v Chelsea*, 288 Mich App 239, 250; 792 NW2d 781 (2010) Nevertheless, this Court defers to the trial court's superior ability to judge witness credibility. *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 172; 848 NW2d 95 (2014).

## III.  PROMISSORY ESTOPPEL

Miller first argues the trial court erred by denying his promissory estoppel claim and failing to make sufficient findings of fact under MCR 2.517(A). Both arguments lack merit.

To establish promissory estoppel, Miller was required to prove the following elements:

> (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided. [*Cove Creek Condo Ass'n v Vistal Land & Home Dev, LLC*, 330 Mich App 679, 713; 950 NW2d 502 (2019) (quotation marks and citation omitted).]

Promissory estoppel requires an actual, clear, and definite promise. *State Bank of Standish v Curry*, 442 Mich 76, 85; 500 NW2d 104 (1993). "The doctrine of promissory estoppel is cautiously applied." *Marrero v McDonnel Douglas Capital Corp*, 200 Mich App 438, 442; 505 NW2d 275 (1993).

The trial court concluded that the parties entered a sham transaction to mislead the Township and rejected Miller's testimony that Jones promised to convey the contested property to him. The trial court explained that it could not grant relief for promissory estoppel to Miller because his testimony was not credible. Miller argues that the trial court erred by crediting Jones's testimony that he and Miller only entered the two deeds to deceive the Township and ignoring the testimony of Ross, who Miller argues was the only objective and truthful witness. These arguments attack the trial court's credibility determinations. Generally, this Court defers to the credibility determination of the trial court given its superior position to make these judgments. See *Chelsea Investment Group, LLC*, 288 Mich App at 250. However:

> This is not to suggest that the trial judge may insulate his findings from review by denominating them credibility determinations, for factors other than demeanor and inflection go into the decision whether or not to believe a witness. Documents or objective evidence may contradict the witness' story; or the story itself may be so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it. Where such factors are present, the court of appeals may well find clear error even in a finding purportedly based on a credibility determination. [*Beason v Beason*, 435 Mich 791, 804; 460 NW2d 207 (1990) (quotation marks and citation omitted).]

Miller has failed to show that the trial court's credibility determinations were clearly erroneous. Jones's testimony that he and Miller entered a sham transaction to mislead the Township was not internally inconsistent, contradicted by objective evidence, or implausible. See *id*. Instead, Jones's testimony was bolstered by admission of the two deeds into the record. On their face, the deeds supported that the transaction was a formality to deceive the Township by temporarily conveying the contested property to Miller.

Miller offers no reason to believe that Ross's testimony, which largely mirrored his own testimony, was objective or inherently truthful. Ross was Miller's employee, friend, and possible girlfriend. Moreover, Miller's own testimony was damaging to his assertion that Jones promised to convey the 12-foot strip of property to him in an honest, but improperly executed transaction. Miller, a building contractor, code inspector, and businessman who regularly dealt with real estate documents, was unwilling to admit that the overhanging roof was nonconforming, feigned ignorance regarding the impact of the deeds, and conveniently forgot about conduct that reflected poorly on him during the bench trial. Miller has presented no reason for this Court to disturb the trial court's credibility determination or holding. See *Tenneco Inc*, 281 Mich App at 444. Accordingly, Miller is not entitled to relief on his substantive promissory estoppel claim.

Relatedly, Miller argues the trial court failed to make sufficient findings of fact regarding his promissory estoppel claim such that this Court cannot engage in meaningful review. We disagree. In a bench trial, "the court shall find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment." MCR 2.517(A)(1). "Brief, definite, and

pertinent findings and conclusions on the contested matters are sufficient, without over elaboration of detail or particularization of facts." MCR 2.517(A)(2). This Court has previously explained:

> Findings of fact regarding matters contested at a bench trial are sufficient if they are brief, definite, and pertinent, and it appears that the trial court was aware of the issues in the case and correctly applied the law, and where appellate review would not be facilitated by requiring further explanation. [*Triple E Produce Corp v Mastronardi Produce, Ltd*, 209 Mich App 165, 176-177; 530 NW2d 772 (1995) (quotation marks, citation, and brackets omitted).]

On this record, the trial court's findings of fact and conclusions of law met the requirements of MCR 2.517(A). As previously stated, promissory estoppel requires an actual, clear, and definite promise. *State Bank of Standish*, 442 Mich at 85. The trial court set forth a fairly lengthy statement of facts before concluding that Miller did not meet his burden of proof. The trial court's finding that the parties executed the deeds as a sham foreclosed Miller's argument that Jones promised to convey the 12-foot strip of property for as long as Miller needed. These findings established that the trial court was aware of the factual issues and correctly applied the law to the facts to satisfy the requirements of MCR 2.517(A).

## IV. QUIET TITLE

Miller next argues the trial court erred by denying his quiet title claim and declining to reform the two deeds to enforce Jones's purported promise to Miller. For much of the same reasons Miller was not entitled to relief for promissory estoppel, he is not entitled to relief for his quiet title claim.

Actions to quiet title are governed by MCL 600.2932 and MCR 3.411. MCL 600.2932 provides, in relevant part:

> (1) Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not. [MCL 600.2932(1).]

The purpose of an action to quiet title is to determine which party among competing parties has the superior interest in real property. *Trademark Props of Mich, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132, 141; 863 NW2d 344 (2014). The party seeking to quiet title has the burden of proof and must make out a prima facie case of title. *Beulah Hoagland Appleton Qualified Personal Residence Trust v Emmet Co Rd Comm*, 236 Mich App 546, 550; 600 NW2d 698 (1999). If the party seeking to quiet title makes out a prima facie case, the nonmoving party has the burden of proving superior right or title. *Id*.

As previously discussed, the trial court rejected Miller's testimony that he thought he was resolving his zoning issue with the Township through legal, but improperly drafted deeds and credited Jones's testimony that Miller and Jones exchanged sham deeds to deceive the Township. The trial court offered alternative grounds to reject Miller's quiet title claim. Either the deeds were

invalid and Jones never conveyed title to the contested property to Miller or, if the property was conveyed to Miller under the first deed, it was immediately transferred back to Jones upon delivery of the second deed. A deed takes effect at the time of delivery, and not at the time of its date, execution, or recording. *Ligon v Detroit*, 276 Mich App 120, 128; 739 NW2d 900 (2007). Between parties, "an otherwise-conforming deed is valid even if it is not recorded." *Id*. Under either scenario, the sole owner of the contested property is Jones, and Miller has no rights to the contested property. See *Beulah Hoagland Appleton Qualified Personal Residence Trust*, 236 Mich App at 550. Miller has given this Court no reason to disturb the trial court's factual findings or holding. See *Tenneco Inc*, 281 Mich App at 444. Accordingly, Miller is not entitled to relief regarding his quiet title claim.

## V. CLEAN HANDS

Finally, Miller argues the trial court erred by applying the doctrine of clean hands to his claims, but declining to apply the doctrine to Jones's quiet title claim. Seeing no error entitling Miller to relief, we disagree.

The equitable doctrine of clean hands applies to quiet title claims. *Richards v Tibaldi*, 272 Mich App 522, 537; 726 NW2d 770 (2006). Under this doctrine, a party seeking equity must come to the court with clean hands. *Id*. "The clean-hands doctrine closes the doors of equity to one tainted with inequitableness or bad faith relative to the matter in which he or she seeks relief, regardless of the improper behavior of the defendant." *Id*.

Although a party seeking equity typically must have clean hands, equity is not an inflexible concept. The court acting in equity must consider the entire situation before deciding to grant or deny relief "as good conscience dictates." *McFerren v B & B Investment Group*, 253 Mich App 517, 522; 655 NW2d 779 (2002) (quotation marks and citation omitted). Under the doctrine of *in pari delicto*, when the parties are equally in the wrong, "the law will not lend itself to afford relief to one as against the other, but will leave them as it finds them." *Orzel v Scott Drug Co*, 449 Mich 550, 558; 537 NW2d 208 (1995) (quotation marks and citation). However, when the parties do not stand *in pari delicto*, "the one whose wrong is less than that of the other may be granted relief" in some circumstances. 27A Am Jur 2d, Equity, § 24.

We first note that, although Miller argues the trial court erroneously applied the doctrine of clean hands to his claims, the trial court did not apply the doctrine to his claims. Instead, the trial court denied Miller's quiet title and promissory estoppel claims because he failed to meet his burden of proof. The trial court did, however, decline to apply the doctrine to Jones's quiet title claim. Without expressly naming the doctrine, the trial court concluded that the parties did not stand *in pari delicto*. The trial court explained that this was the unique case where both parties' hands were unclean, however, Jones's hands were dirty only to the extent they were soiled by Miller. The trial court further explained that equity demanded an outcome that favored the Township's interests as the defrauded party and only party with clean hands.

The trial court did not err by declining to apply the doctrine of clean hands to Jones's claim. As previously explained, Miller and Jones engaged in a scheme to deceive the Township into believing that Miller owned the 12-foot strip of land necessary to resolve his zoning compliance issue. Both parties engaged in fraudulent behavior; however, only Miller benefited from the sham

and he engaged in more wrongful conduct. He perpetrated the sham for nearly a decade, attempted to convey the property to his LLC, and removed the fence and landscaping from Jones's property, all while knowing that he did not own the property. Moreover, the trial court acknowledged that the trial court may grant or deny relief "as good conscience dictates." *McFerren*, 253 Mich App at 522 (quotation marks and citation omitted). Granting Miller relief or applying the doctrine to Jones's claim would have permitted the fraud orchestrated against the Township to continue. In context, it served the Township's interests for the trial court to quiet title in Jones's favor. Accordingly, the trial court did not err by declining to apply the doctrine of clean hands to Jones's quiet title claim.

Affirmed.

/s/ Noah P. Hood
/s/ James Robert Redford
/s/ Allie Greenleaf Maldonado